# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE A. HEDICK, JR., *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> THE KRAFT HEINZ COMPANY, *et al.*, <br><br> Defendants. | Case No. 19-1339 (RMD) <br><br> CLASS ACTION |
| IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) RETIREMENT AND PENSION PLAN, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> THE KRAFT HEINZ COMPANY, *et al.*, <br><br> Defendants. | Case No. 19-1845 (RMD) <br><br> CLASS ACTION |
| TIMBER HILL LLC, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> THE KRAFT HEINZ COMPANY, *et al.* <br><br> Defendants. | Case No. 19-2807 (RMD) <br><br> CLASS ACTION |

## THE NEW YORK CITY FUNDS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF THE REPLY BRIEF

The New York City Funds ("NYC"), through their attorneys, respectfully request leave of

this Court to file under seal certain portions of the Reply Brief in Support of the New York City

Funds' Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of

Lead Counsel and attendant exhibits ("Reply Brief"). In support of this motion, NYC states:

1.       No confidentiality or protective order has been entered in this case.

2.       The Memorandum of Law in Further Support of the Motion of Sjunde AP-Fonden

and Union Asset Management Holding AG for Consolidation of Related Actions, Appointment as

Lead Plaintiff, and Approval of Their Selection of Lead Counsel, and in Opposition to Competing

Motions ("Foreign Funds' Opposition Brief"), *see* Dkt. 90, at 2-3, makes arguments which

implicate NYC's financial data beyond that mandated to be disclosed by the Private Securities

Litigation Reform Act, 15 U.S.C. § 78u–4;

3.       In order to respond to certain arguments made in the Foreign Funds' Opposition

Brief, NYC is providing information to the Court in its Reply Brief that it submits constitutes

confidential trade secrets, proprietary business information, and non-public client information

concerning NYC's finances and trading.

4.       While there is not yet a confidentiality or protective order entered in this case,

information regarding an entity's finances and trading is confidential and proprietary business

information. *See* 18 U.S.C. § 1839(3) (defining "trade secret" to mean "all forms and types of

*financial, business, . . . [or] economic . . . information*, . . . if . . . (A) the owner thereof has taken

reasonable measures to keep such information secret; and (B) the information derives independent

economic value, actual or potential, from not being generally known to, and not being readily

ascertainable through proper means by, another person who can obtain economic value from the

disclosure or use of the information") (emphasis added); 765 Ill. Comp. Stat. Ann. 1065/2(d)

(defining "trade secret" to mean information "including but not limited to" "technical or non-

technical data," a "method," a "process," or "*financial data*" that "(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality") (emphasis added). Information of this type "can be highly sensitive," which courts consider "when deciding whether and when financial information should ultimately be disclosed" in a court filing. *Sutherland v. TRW, Inc.*, 1995 WL 275578, at *2 (N.D. Ill. May 8, 1995) (ordering that financial materials be filed under seal).

5.      Contemporaneous with the filing of this motion, NYC is filing electronically a redacted version of its Reply Brief and sending to the Court and the other parties an unredacted version of the filing proposed to be filed under seal. *See* Local Rules 5.8 and 26.2.

6.      The redacted portions of the Reply Brief discuss confidential aspects of the method, size, and business justifications of NYC's trading in Kraft Heinz securities, and therefore constitute confidential, sensitive, and proprietary financial, business, and economic information of NYC that is not otherwise now public.

7.      For the reasons set forth above, NYC respectfully requests leave to file under seal certain portions of its Reply Brief.

Date:   May 22, 2019                                    Respectfully submitted,

                                                **COHEN MILSTEIN SELLERS**
                                                     **& TOLL PLLC**

                                                */s / Carol V. Gilden*
                                                Carol V. Gilden (Bar No. 06185530)
                                                190 South LaSalle Street / Suite 1705
                                                Chicago, IL 60603
                                                Tel.: (312) 357-0370
                                                Fax: (312) 357-0369
                                                cgilden@cohemilstein.com

Julie Goldsmith Reiser
Adam H. Farra
1100 New York Avenue, N.W. / Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
jreiser@cohenmilstein.com
afarra@cohenmilstein.com

Laura H. Posner
88 Pine Street / 14th Floor
New York, NY 10005
Tel.: (212) 838-7797
Fax: (212) 838-7745
lposner@cohenmilstein.com

*Counsel for Proposed Lead Plaintiff NYC and
Proposed Lead Counsel for the Class*