**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GEORGE A. HEDICK, JR., *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>KRAFT HEINZ COMPANY, *et al.*,<br><br>Defendants. | Case No. 19-cv-1339 (RMD)<br><br>CLASS ACTION |
| IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) RETIREMENT AND PENSION PLAN, *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>KRAFT HEINZ COMPANY, *et al.*,<br><br>Defendants. | Case No. 19-cv-1845 (RMD)<br><br>CLASS ACTION |
| TIMBER HILL LLC, *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>KRAFT HEINZ COMPANY, *et al.*,<br><br>Defendants. | Case No. 19-cv-02807 (RMD)<br><br>CLASS ACTION |

**TIMBER HILL LLC'S STATEMENT IN RESPONSE TO
<u>THE COURT'S AUGUST 29, 2019 ORDER</u>**

Timber Hill respectfully submits this statement in response to the Court's August 29, 2019 Order requesting clarification on whether securities acquired in the merger of Kraft and Heinz should be included in the Court's loss calculations of the competing Lead Plaintiff movants in the *Timber Hill Derivatives Action* and the *Common Stock and Notes Actions*. The answers to the Court's questions are very straightforward in the separate derivatives case filed by Timber Hill — underscoring both the inherent differences between the *Timber Hill Derivatives Action* and the *Common Stock and Notes Actions* and the need to maintain the *Timber Hill Derivatives Action* as a separate action with separate leadership. This submission provides the answers to the Court's questions only in the context of the derivative securities at issue in the *Timber Hill Derivatives Action*.

I. THE ANSWER TO THE COURT'S FIRST QUESTION — WHAT IS THE APPROPRIATE START DATE FOR THE CLASS PERIOD?

The Options Clearing Corporation controls the terms and trading of exchange-traded Kraft Heinz derivative securities. As relayed to investors in a statement issued by the Chicago Board Options Exchange ("CBOE") dated July 1, 2015, the Options Clearing Corporation directed that all Kraft derivatives would be adjusted and re-designated as Kraft Heinz derivatives on the first business day following the close of the merger. *See* Ex. A attached hereto.

The merger closed on July 2, 2015, and the first business day following the closing of the merger was July 6, 2015 due to the observance of Independence Day. Thus, the answer to the Court's first question is that the proper start date for the Class Period in the *Timber Hill Derivatives Action* is July 6, 2015, the date Kraft Heinz derivatives came into existence. The operative Complaint filed by Timber Hill in the *Timber Hill Derivatives Action* already includes a Class Period beginning on that date.

## II. THE ANSWER TO THE COURT'S SECOND QUESTION — WHEN WERE THE KRAFT HEINZ MERGER DERIVATIVES ACTUALLY PURCHASED?

As to the Court's second question regarding when the Kraft Heinz merger derivatives were actually purchased, such purchases occurred on July 6, 2015 by operation of the CBOE announcement that the derivatives came into existence on that date and the Tenth Circuit's decision in *Realmonte v. Reeves*, 169 F.3d 1280 (10th Cir. 1999), which held that "exchanges of one security for another" facilitating a merger are included in the definition of a "purchase or sale." *Id*. at 1285. *See also* Ex. A attached hereto.

Timber Hill's expert has reviewed this issue and has expressed the preliminary view that the decision to include or exclude the Kraft Heinz options that were created on July 6, 2015 will not materially impact Class-wide damages in the *Timber Hill Derivatives Action* or the losses suffered by Timber Hill (which, the Court will recall, has losses of over $36 million and is the only Lead Plaintiff movant to timely seek leadership in the separate *Timber Hill Derivatives Action* and to represent the derivatives claims advanced in that case).[1]

Dated: September 12, 2019

Respectfully submitted,

Michael H. Moirano
**MOIRANO GORMAN KENNY, LLC**
135 S. LaSalle St., Suite 2200
Chicago, Illinois 60603
Telephone: (312) 614-1260
mmoirano@mgklaw.com

*Counsel for Timber Hill LLC and Proposed Liaison Counsel for the Derivatives Class*

/s/ Andrew J. Entwistle
Andrew J. Entwistle
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, Texas 78701
Telephone: (512) 710-5960
aentwistle@entwistle-law.com

-and-

---

[1] One movant in the *Common Stock and Notes Actions* (Chesson) changed its mind and suggested, late in the application process, that it wished to include leadership of the Derivatives Class in its existing motion. Leaving aside the infirmities of its position and the fact that it claims just $8.6 million in losses, Chesson did not transact in any Kraft Heinz securities until 2017, and so its application is not impacted by the answers to the questions posed by the Court.

299 Park Avenue, 20th Floor
New York, New York 10171
Telephone: (212) 894-7200

Robert N. Cappucci (admitted *pro hac vice*)
Sean M. Riegert (admitted *pro hac vice*)
Andrew M. Sher (admitted *pro hac vice*)
**ENTWISTLE & CAPPPUCCI LLP**
299 Park Avenue, 20th Floor
New York, New York 10171
Telephone: (212) 894-7200
Facsimile: (212) 894-7272
rcappucci@entwistle-law.com
sriegert@entwistle-law.com
asher@entwistle-law.com

*Counsel for Timber Hill LLC and Proposed
Lead Counsel for the Derivatives Class*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2019, I caused the foregoing to be served on all counsel of record via the Court's CM/ECF system.

>  */s/ Andrew J. Entwistle*
> Andrew J. Entwistle