UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNION ASSET MANAGEMENT HOLDING AG AND SJUNDE AP-FONDEN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>THE KRAFT HEINZ COMPANY, et al.,<br><br>          Defendant. | Case No. 1:19-cv-01339<br><br>ECF Case<br><br>Honorable Robert M. Dow, Jr. |
| RICHARD MERRITTS, derivatively on behalf of THE KRAFT HEINZ COMPANY,<br><br>          Plaintiff,<br><br>   vs.<br><br>3G CAPITAL, INC., et al.,<br><br>          Defendants.<br><br>   – and –<br><br>THE KRAFT HEINZ COMPANY,<br><br>          Nominal Defendant. | Case No. 1:20-cv-02071<br><br>Honorable Martha M. Pacold |

[Caption continued on following page.]

**MEMORANDUM IN SUPPORT OF PLAINTIFF STEPHEN SILVERMAN'S MOTION TO REASSIGN AND CONSOLIDATE RELATED ACTIONS AND TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

| | |
|---|---|
| DALE WATERS, Derivatively on Behalf of Nominal Defendant THE KRAFT HEINZ COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| ALEXANDER BEHRING, et al., | )<br>) |
| Defendants. | )<br>) |
| – and – | )<br>) |
| THE KRAFT HEINZ COMPANY, | )<br>) |
| Nominal Defendant. | )<br>) |

Case No.  1:20-cv-02072

Honorable Harry D. Leinenweber

| | |
|---|---|
| In re KRAFT HEINZ SHAREHOLDER DERIVATIVE LITIGATION | )<br>)<br>) |

Case No.  1:20-cv-02259

Honorable Virginia M. Kendall

| | |
|---|---|
| STEVEN HILL, Derivatively on Behalf of THE KRAFT HEINZ COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| GREGORY E. ABEL, et al., | )<br>) |
| Defendants. | )<br>) |
| – and – | )<br>) |
| THE KRAFT HEINZ COMPANY, | )<br>) |
| Nominal Defendant. | )<br>) |

Case No.  1:20-cv-02280

Honorable John J. Tharp, Jr.

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   OVERVIEW OF THE ACTION ..........................................................4

III.  ARGUMENT ......................................................................................6

    A.    Reassignment Under Local Rule 40.4 Is Appropriate ............................6

    B.    Consolidation of the Related Actions Is Appropriate ............................7

    C.    Silverman Should Be Appointed Lead Plaintiff .....................................9

    D.    Robbins Geller Should be Appointed Lead Counsel ...........................11

IV.   CONCLUSION ................................................................................14

# TABLE OF AUTHORITIES

Page

## CASES

*A.S. v. SmithKline Beecham Corp.*,
   769 F.3d 204 (3rd Cir. 2014) .................................................................................8

*Dollens v. Zionts*,
   No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966
   (N.D. Ill. Dec 4, 2001)...............................................................................9, 10

*Fairbanks Capital Corp. v. Jenkins*,
   No. 02 C 3930, 2002 U.S. Dist. LEXIS 26297
   (N.D. Ill. Nov. 25, 2002) .........................................................................................6

*Horn v. Raines*,
   227 F.R.D. 1 (D.D.C. 2005)...................................................................................8

*In re Del Monte Foods Co. S'holders Litig.*,
   No. 6027-VCL, 2010 Del. Ch. LEXIS 255
   (Del. Ch. Dec. 31, 2010)...........................................................................9, 10, 11

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*,
   529 F. Supp. 2d 644 (S.D. Tex. 2006)...........................................................11, 12

*In re F5 Networks, Inc., Derivative Litig.*,
   207 P.3d 433 (Wash. 2009) ...................................................................................14

*Iron Workers Mid-South Pension Fund v. Oberhelman*,
   No. 1:13-cv-01104-SLD-JAG, 2014 U.S. Dist. LEXIS 158103
   (C.D. Ill. Nov. 7, 2014) ...........................................................................................9

*KBC Asset Mgmt. NV v. McNamara*,
   78 F. Supp. 3d 599 (D. Del. 2015) .......................................................................11

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .................................................................................................8

*Lynch v. Rawls*,
   429 F. App'x 641 (9th Cir. 2011) ........................................................................14

*Millman v. Brinkley*,
   No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113
   (N.D. Ga. Oct. 1, 2004) ...........................................................................................8

*Pyott v. L.A. Mun. Police Emps.' Ret. Sys.*,
   74 A.3d 612, 618 (Del. 2013) .................................................................................9

**Page**

*Rosenbloom v. Pyott*,
   765 F.3d 1137 (9th Cir. 2014) ...........................................................................13

*TCW Tech. Ltd. P'ship v. Intermedia Commc'ns, Inc.*,
   No. 18336, 2000 Del. Ch. LEXIS 147
   (Del. Ch. Oct. 17, 2000) ........................................................................ 9, 10, 11

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 23.1 ..............................................................................................................9

Local Rules
   Rule 40.4 ....................................................................................................... 1, 6, 7
   Rule 42(a) ................................................................................................ 1, 2, 6, 7, 8

Cases\4850-4813-3050.v1-4/17/20

Pursuant to Local Rule 40.4 and Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"), to facilitate the efficient and coordinated litigation of the shareholder derivative actions brought on behalf of nominal defendant The Kraft Heinz Company ("Kraft Heinz" or the "Company"), plaintiff Stephen Silverman ("Silverman"), together with plaintiffs Vladimir Gusinsky Revocable Trust, Charlotte Hays, Ian Green and Steven Hill, respectfully submit this memorandum in support of Plaintiff Stephen Silverman's Motion to Reassign and Consolidate Related Actions and to Appoint Lead Plaintiff and Lead Counsel.

## I.     INTRODUCTION

This is a motion to reassign related actions under Local Rule 40.4, consolidate the related actions under Rule 42(a) and to appoint Silverman as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

First, there are presently four related shareholder derivative actions on behalf of nominal defendant Kraft Heinz pending in the United States District Court for the Northern District of Illinois: (1) *Merritts v. 3G Capital, Inc., et al.*, 1:20-cv-02071; (2) *Waters v. Behring, et al.*, 1:20-cv-02072; (3) *In re Kraft Heinz S'holder Derivative Litig.*, 1:20-cv-02259; and (4) *Hill v. Abel, et al.*, 1:20-cv-02280 (collectively, the "Derivative Actions"). The Derivative Actions were transferred to or filed before various judges in this District on March 31, 2020 (*Merritts* and *Waters*), April 10, 2020 and April 13, 2020, respectively. The parties to the Derivative Actions agree that they are related to *In re Kraft Heinz Sec. Litig.*, No. 1:19-cv-01339 (the "Securities Action"), pending before this Court, and should be reassigned to this Court's calendar.[1] *See infra* §III.A. (seeking reassignment of the *Kraft Heinz S'holder Derivative* and *Hill* actions); ECF No. 229 (seeking reassignment of the *Merritts* and *Waters* actions).

---

[1]     Plaintiff Silverman conferred with defendants' counsel and has been authorized to represent that defendants consent to the reassignment and consolidation of the Derivative Actions.

Second, the parties likewise agree that consolidation is appropriate under Rule 42(a). *See infra* §III.B.; ECF No. 232. Each of the Derivative Actions alleges breach of fiduciary duty and other derivative claims arising from defendants' unlawful scheme to artificially inflate the trading price of the Company's common stock while certain defendants, through their affiliate 3G Capital, Inc. ("3G Capital"), bailed out of their holdings of Kraft Heinz common stock for over $1.2 billion in illicit insider trading proceeds. *See, e.g.*, ¶¶2-3, 8, 13, 25, 31, 33, 38-39, 42, 110-115.[2] Kraft Heinz has been damaged by defendants' wrongful conduct. The Company has been exposed to the risks of violating state and federal laws and is facing costly investigations by federal law enforcement authorities.

By this motion, plaintiff Silverman seeks an order consolidating the Derivative Actions to streamline the litigation, conserve judicial resources and avoid duplication of effort. *See* Rule 42(a). Each of the related actions is brought on behalf of the same nominal defendant (Kraft Heinz) against substantially the same defendants and arises from the same predicate facts and underlying conduct. Given the similarity of the claims, parties and core set of operative facts, consolidation under Rule 42(a) is the most appropriate and efficient way for the Court to oversee prosecution of the related actions.

Third, Plaintiff Silverman requests that he be appointed as Lead Plaintiff in the consolidated Derivative Actions. Silverman is a long-term holder of Kraft Heinz common stock, continuously holding Kraft Heinz shares since November 2016. Since commencing his action in the Western District of Pennsylvania, Silverman has diligently represented the Company's interest in the

---

[2] All "¶_" and "¶¶_" citations are to the Consolidated Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Unjust Enrichment, and Contribution for Violations of the Federal Securities Laws (the "Complaint"), filed on July 31, 2019 in the *Kraft Heinz S'holder Deriv. Litig.*, filed herewith as Ex. 1. All "Ex._" citations are to the exhibits listed in the Table of Exhibits attached hereto.

derivative claims by working cooperatively with counsel for defendants and the other plaintiffs to avoid unnecessarily wasting the Court's and parties' time and resources.

There can be no doubt that Silverman is committed to protecting Kraft Heinz and his significant investment therein. Silverman directed his lawyers to research and draft a comprehensive Complaint and now seeks a leadership structure that will place a significant stakeholder in control of this litigation, reduce litigation costs and increase efficiency. As such, Silverman believes he is the most qualified plaintiff to diligently prosecute this action.

And fourth, Silverman requests that his selected counsel, Robbin Geller, be appointed as Lead Counsel in the consolidated Derivative Actions. Robbins Geller is a nationwide shareholder and securities litigation firm of more than 180 attorneys, with not only an office located in this District, but also an unrivaled record of litigating shareholder actions and achieving favorable results for shareholders in both class action and derivative litigation in the Northern District of Illinois and elsewhere. *See*, *e.g.*, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc., et al.*, No. 02-C-5893 (N.D. Ill. 2016) (Robbins Geller won a six-week jury verdict in a billion-dollar securities fraud trial against Household International, Inc., a division of HSBC Financial Corporation ("HSBC"), one of the largest banks in the world); *In re Cmty. Health Sys., Inc. S'holder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn. 2017) (serving as lead counsel recovered $60 million); *In re Marvell Tech. Grp. Ltd. Derivative Litig.*, No. C-06-03894-RMW(RS) (N.D. Cal. 2009) (serving as lead counsel recovered $54.9 million); *In re KLA-Tencor Corp. S'holder Derivative Litig.*, No. C-06-03445-JW (N.D. Cal. 2010) (serving as lead counsel recovered $42.6 million); *In re McAfee, Inc. Derivative Litig.*, No. 5:06-cv-03484-JF (N.D. Cal. 2008) (serving as lead counsel recovered $30 million); *In re Juniper Networks, Inc. Derivative Litig.*, No. 5:06-cv-03396-JW (N.D. Cal. 2008) (serving as lead counsel recovered $22.6 million); *In re Affiliated Comput. Servs. Derivative Litig.*, No. 3:06-cv-1110-O (N.D. Tex. 2009) (serving as lead counsel recovered $30 million); *In re Lumber Liquidators*

- 3 -

*Holdings, Inc. Sec. Litig.*, No. 4:13-cv-00157-AWA-DEM (E.D. Va. 2016) (serving as lead counsel recovered $26 million); *In re Activision, Inc. Derivative Litig.*, No. CV-06-04771-MRP(JTLx) (C.D. Cal. 2008) (serving as lead counsel recovered $24.3 million). *See* Exs. 2-10. Robbins Geller uniquely possesses the experience, resources, willingness and ability to litigate complex and expensive shareholder actions through discovery, summary judgment, trial and beyond. *See* Ex. 11.

Accordingly, Plaintiff Silverman respectfully requests that the Court reassign and consolidate the related Derivative Actions and appoint Silverman as Lead Plaintiff and his counsel, Robbins Geller, as Lead Counsel.

## II.    OVERVIEW OF THE ACTION

The pending actions are shareholder derivative actions on behalf of nominal defendant Kraft Heinz. Notwithstanding their fiduciary duties of loyalty and candor owed to Kraft Heinz and its shareholders, defendants allegedly engaged in an unlawful scheme designed to artificially inflate the trading price of Kraft Heinz common stock and, in turn, the Company's market capitalization. *See generally* Ex. 1.

More specifically, between at least May 2017 and June 2019, defendants caused Kraft Heinz to make positive, albeit materially false and misleading statements about its publicly reported net income, the value of its goodwill and intangible assets, and the integrity of the Company's internal control systems over financial reporting and disclosure. *See* ¶¶69-108. Defendants' positive statements created a false facade around Kraft Heinz's business, one designed to hide its deteriorating business and financial conditions. While Kraft Heinz's shares traded at artificially inflated prices, in August 2018, a Kraft Heinz affiliate, 3G Capital, sold 20.6 million shares of Kraft Heinz shares for insider trading proceeds of $1.2 billion. *See* ¶¶13, 110, 136.

Defendants' scheme continued unabated until February 2019. Then, on February 21, 2019, defendants suddenly announced that Kraft Heinz had taken a massive $15.4 billion goodwill and

- 4 -

intangible asset impairments charge "to lower the carrying amount of goodwill in certain reporting units, primarily U.S. Refrigerated and Canada Retail, and certain intangible assets, primarily the *Kraft* and *Oscar Mayer* trademarks." *See* ¶¶9, 95. Defendants further revealed that the U.S. Securities and Exchange Commission ("SEC") had launched an investigation into "the Company's accounting policies, procedures, and internal controls related to its procurement function, including, but not limited to, agreements, side agreements, and changes or modifications to its agreements with its vendors." *See* ¶¶10, 96.

As 2019 unfolded, defendants' revelations continued to stun Kraft Heinz shareholders. On May 6, 2019, the Company disclosed that its previously issued financial statements for the past three years should no longer be relied upon. ¶¶102-104. Then, on June 7, 2019, defendants confirmed that Kraft Heinz would undertake a $200+ million restatement to correct errors in the accounting for product procurement related costs in the Company's financial statements and related disclosures for the fiscal years ended December 30, 2017 and December 31, 2016, and for the quarterly periods ended September 29, 2018, June 30, 2018, March 31, 2018, September 30, 2017, July 1, 2017 and April 1, 2017. ¶¶106-108.

Kraft Heinz has been severely damaged by defendants' misconduct. However, defendants have not suffered the same fate as shareholders. On the contrary, defendants collectively pocketed $61.9 million in salaries, bonuses, fees and other incentive-based compensation payments that were not justified by Kraft Heinz's actual financial performance while under their stewardship. ¶13. Similarly, 3G Capital profited handsomely by selling 20.6 million shares of its Kraft Heinz stock, for proceeds of $1.2 billion, before defendants disclosed the adverse, material non-public facts above. ¶¶13, 110, 136. These payments unjustly enriched defendants and damaged the Company.

## III.    ARGUMENT

### A.    Reassignment Under Local Rule 40.4 Is Appropriate

Local Rule 40.4 provides that "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of [four] criteria is met." L.R. 40.4(b). The four criteria are: (1) "both cases are pending in this Court"; (2) "the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort"; (3) "the earlier case has not progressed to the point where [reassignment] . . . would be likely to delay the proceedings in the earlier case substantially"; and (4) "the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).[3] Local Rule 40.4 "does not require complete identity of issues in order for cases to be considered related," just that there be some related issues. *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 U.S. Dist. LEXIS 26297, at *7 (N.D. Ill. Nov. 25, 2002) (granting motion for reassignment).

Here, the Derivative Actions and the Securities Action all relate to false and misleading statements made by certain officers and directors of Kraft Heinz concerning the Company's publicly reported net income, the value of its goodwill and intangible assets and the integrity of the Company's internal control systems over financial reporting and disclosure. The complaints each allege that defendants were aware of the true facts at the time the statements were made, that the statements caused the Company's stock price to be artificially inflated, that certain defendants engaged in insider trading, and that when the Company revealed on February 21, 2019 that it would record a $15.4 billion impairment to the Company's financial statements, the Company's stock price collapsed by more than 25%. *Compare, e.g.*, Ex. 1 and ECF No. 179. In light of these common and

---

[3]    Local Rule 40.4 requires that "[t]he motion shall be filed in the lowest-numbered case of the claimed related set and noticed before the judge assigned to that case." L.R. 40.4(c). The Securities Action, No. 1:19-cv-01339, is the lowest-numbered of the related cases, and so the motion is properly brought here.

overlapping allegations, the Derivative Actions are related to the Securities Action. *See also* ECF No. 229.

In addition, each of the Local Rule 40.4 conditions for reassignment are present here: (1) both the Securities Action and all Derivative Actions are pending in this District; (2) the handling of the related actions by the same judge is likely to result in a substantial saving of judicial time and effort, particularly in light of the overlapping allegations and common issues; (3) the Securities Action is at the motion to dismiss stage and has not progressed to a point where reassignment would delay the proceedings; and (4) as discussed in further detail below, the related Derivative Actions are well suited for coordination. Thus, Plaintiff Silverman, like the plaintiffs in the *Merritts* and *Watters* actions (ECF No. 229), respectfully requests that the *Kraft Heinz S'holder Derivative* and *Hill* actions be reassigned to the calendar of this Court. Defendants do not oppose this request.

**B.      Consolidation of the Related Actions Is Appropriate**

Rule 42(a) provides that when separate actions "involve a common question of law or fact," the Court may "join for hearing or trial any or all matters at issue in the actions," "consolidate the actions" and "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Presently pending are four related shareholder derivative actions, each alleging breaches of fiduciary duties owed to Kraft-Heinz by substantially the same defendants. *See, e.g.*, Ex. 1; ECF No. 229. Each of these actions arises from a common nucleus of operative facts and involves virtually identical questions of law. Specifically, the related actions each allege that the Company's directors and senior officers breached their fiduciary duties by, among other things, causing the Company to make positive, albeit materially false and misleading statements about its publicly reported net income, the value of its goodwill and intangible assets and the integrity of the Company's internal control systems over financial reporting and disclosure. Defendants' positive statements created a false facade around Kraft Heinz's business, one designed to hide its deteriorating business and

- 7 -

financial conditions. *See generally* Ex. 1; ECF No. 229. Moreover, the Complaint alleges that while Kraft Heinz's shares traded at artificially inflated prices, in August 2018, defendants' affiliate, 3G Capital, sold 20.6 million shares of Kraft Heinz shares for trading proceeds of $1.2 billion. ¶¶13, 110, 136. The nearly identical questions of law and fact that predominate support consolidating the four currently pending shareholder derivative actions for all purposes under Rule 42(a). *See A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3rd Cir. 2014) ("district courts have 'broad power' to consolidate cases that share 'common question[s] of law or fact'").[4]

The power to consolidate related actions falls within the inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of substantially identical shareholder derivative actions can help alleviate "needless duplication of time, effort and expense on the part of the parties and the Court." *Millman v. Brinkley*, No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113, at *6 (N.D. Ga. Oct. 1, 2004). "[W]hen consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (ordering consolidation of all related derivative actions). Because the interests of all parties and the Court system are best served by the efficiency, consistency and economy achieved through the requested consolidation, Silverman respectfully submits that the four related Kraft Heinz shareholder derivative actions, as well as any subsequently filed similar actions, should be consolidated for all purposes under Rule 42(a). Defendants do not oppose this request.

---

[4]     All citations and footnotes are omitted, and emphasis is added unless otherwise noted.

### C.    Silverman Should Be Appointed Lead Plaintiff

When appointing a lead plaintiff, the Court must ensure that the plaintiff "fairly and adequately represent[s] the interests of the shareholders . . . in enforcing the right of the corporation." Fed. R. Civ. P. 23.1.  Courts consider factors such as the quality of pleadings, financial stake of the movants, and the vigorousness of prosecution in determining which movant to appoint as lead plaintiff.  *Dollens v. Zionts*, No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *17-*19 (N.D. Ill. Dec 4, 2001) (appointing lead plaintiff based on the quality of the pleadings); *see also In re Del Monte Foods Co. S'holders Litig.*, No. 6027-VCL, 2010 Del. Ch. LEXIS 255, at *19-*23, *27-*35 (Del. Ch. Dec. 31, 2010) (recognizing that, while one institutional investor held approximately 1.9 million shares and another held 25,000 shares, "[b]oth of the institutional holders are capable of providing sophisticated oversight for plaintiffs' counsel"); *TCW Tech. Ltd. P'ship v. Intermedia Commc'ns, Inc.*, No. 18336, 2000 Del. Ch. LEXIS 147, at *10-*11 (Del. Ch. Oct. 17, 2000).  Here, the balance of factors strongly supports appointing Silverman as Lead Plaintiff.[5]

Silverman initiated this litigation on behalf of Kraft Heinz on May 15, 2019 by filing a well-researched and comprehensive pleading.  Thereafter, Silverman coordinated the filing of a comprehensive consolidated shareholder derivative Complaint filed in the transferee court, the Western District of Pennsylvania, on July 31, 2019.  The Complaint spans 84 pages and 160

---

[5]    Plaintiffs in the *Merritts* and *Waters* actions have also moved for appointment as Lead Plaintiff and Lead Counsel.  ECF No. 232.  While Plaintiff Silverman anticipates submitting a thorough response to their motion pursuant to a briefing schedule set by the Court, he briefly notes that, as described herein, Silverman is uniquely qualified to oversee this action and therefore should be appointed as Lead Plaintiff and his counsel, Robbins Geller, appointed as Lead Counsel.  *Merritts* and *Waters'* claim that their pursuit of an inspection demand somehow renders them presumptively adequate and Plaintiff Silverman inadequate is contrary to the law and facts.  *See Pyott v. L.A. Mun. Police Emps.' Ret. Sys.*, 74 A.3d 612, 618 (Del. 2013); *Iron Workers Mid-South Pension Fund v. Oberhelman*, No. 1:13-cv-01104-SLD-JAG, 2014 U.S. Dist. LEXIS 158103 (C.D. Ill. Nov. 7, 2014); *see also* ECF No. 234 (Response to Joint Motion to Reassign Cases and Opposition to Motion to Maintain Complaint Under Seal).  Moreover, Plaintiff Hill, who supports this motion, also made an inspection demand and received documents.

- 9 -

paragraphs and alleges multiple counts for violations of federal and state law. *See generally* Ex. 1. More particularly, the Complaint details defendants' unlawful scheme, between at least May 2017 and June 2019, to artificially inflate the trading price of Kraft Heinz common stock by falsifying the Company's publicly reported net income, the value of its goodwill and intangible assets and the integrity of the Company's internal control systems over financial reporting and disclosure. *See* ¶¶69-108. At the same time, while Kraft Heinz stock traded at artificially inflated prices, the Complaint alleges that defendants' affiliate, 3G Capital, sold 20.6 million shares of its personal Kraft Heinz shares, for unlawful insider trading proceeds of $1.2 billion. *See* ¶¶13, 110, 136. Additionally, the Complaint alleges with particularity why a pre-suit demand on the Kraft Heinz Board of Directors would have been a futile and useless act. *See* ¶¶119-137.

In sum, Silverman's Complaint is thorough, particularized and a reflection of Silverman's (and his counsel, Robbins Geller's) dedication to thoroughly investigating and zealously pursuing the derivative claims in the best interests of Kraft Heinz. Even a cursory reading of the Complaint makes clear that Silverman's pleadings are of great "quality." *See TCW*, 2000 Del. Ch. LEXIS 147, at \*10; *see also Dollens*, 2001 U.S. Dist. LEXIS 19966, at \*17-\*19 (appointing lead plaintiff based on the quality of the pleadings).

Further, Silverman is a long-term shareholder of Kraft Heinz, and, thus, well-suited to serve in a fiduciary capacity and will actively prosecute this litigation to protect the interests of the Company. Specially, Silverman has substantial holdings of Kraft Heinz stock and has owned such stock continuously since November 2016. ¶20. Therefore, Silverman has a significant financial interest in Kraft Heinz and the outcome of the derivative claims. *Del Monte Foods*, 2010 Del. Ch. LEXIS 255, at \*20-\*23, \*27-\*35.

Further, courts recognize that "the most important factor when appointing lead counsel is the degree to which the attorneys will provide effective representation." *Id*. at \*27. Here, Silverman has

retained the counsel best equipped to provide such representation. *See* §III.D. Robbins Geller has unrivaled expertise in the prosecution of complex shareholder derivative and class action claims such as those presented here. *See* Ex. 11. To that end, Robbins Geller, acting on Silverman' behalf, effectively and efficiently coordinated and organized the related actions and proceedings in the *In re Kraft Heinz S'holder Deriv. Litig.*, 1:20-cv-02259, before its transfer to this Court, including meeting and conferring with defense counsel and other plaintiffs' counsel on multiple occasions to organize and move the actions forward. *See, e.g.*, Ex. 1.

Given Silverman's comprehensive Complaint and his continuing efforts to prosecute this action in the best interests of the Company, there cannot be any doubt that Silverman has prosecuted this action with "energy, enthusiasm" and "vigor." *TCW*, 2000 Del. Ch. LEXIS 147, at *11; *Del Monte Foods*, 2010 Del. Ch. LEXIS 255, at *20-*23. Therefore, Silverman should be appointed Lead Plaintiff in the consolidated Kraft Heinz shareholder derivative actions pending.

### D. Robbins Geller Should be Appointed Lead Counsel

Silverman also requests that his counsel, Robbins Geller, be appointed as Lead Counsel for plaintiffs in the consolidated Kraft Heinz shareholder derivative actions. In selecting lead counsel, the Court must determine who will "'"best serve the interest of the plaintiffs'" with respect to '"experience and prior success record, the number, size, and extent of involvement of represented litigations, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged."'" *KBC Asset Mgmt. NV v. McNamara*, 78 F. Supp. 3d 599, 607 (D. Del. 2015).

Robbins Geller, a national law firm with nearly 200 lawyers, possesses extensive experience litigating complex shareholder actions. *See* Ex. 11. The firm has been appointed lead counsel in several landmark shareholder actions and has successfully prosecuted numerous derivative actions on behalf of injured companies. *See, e.g.*, *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006) (serving as lead counsel recovered $7.2 billion); *In re Cmty.*

- 11 -

*Health Sys., Inc. S'holder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn. 2017) (serving as lead counsel recovered $60 million) (Ex. 3); *City of Westland Police and Fire Ret. Sys. v. Stumpf, et al.*, No. 3:11-cv-02369-SI (N.D. Cal. 2014) (serving as lead counsel recovered $67 million) (Ex. 12).

Robbins Geller brings to this litigation a seasoned litigation team consisting of attorneys, investigators, and forensic accountants who have repeatedly demonstrated their willingness to undertake the painstaking process of unraveling corporate corruption, and who will devote substantial resources to the prosecution of this action on behalf of Kraft Heinz.  *See* Ex. 11.

As federal courts have noted, Robbins Geller's qualifications are outstanding, and its depth of resources is vast.  *See, e.g.*, *Enron*, 529 F. Supp. 2d at 675 (stating that Robbins Geller is "comprised of probably the most prominent securities class action attorneys in the country").  Recently, in *In re Am. Realty Capital Props., Inc. Litig.* ("*ARCP*"), No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020), a securities action in which Robbins Geller attorneys, as sole lead counsel, litigated claims arising out of ARCP's manipulative accounting practices, the Honorable Alvin K. Hellerstein approved a $1.025 billion settlement negotiated by Robbins Geller on behalf of a class of shareholders, noting:

> My own observation is that plaintiffs' representation is adequate and that the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.

*See* Ex. 13 at 55.

Over the last few years alone, Robbins Geller attorneys, while serving as lead counsel, have secured billions in recoveries for shareholders in representative actions alleging corporate malfeasance.  In addition to obtaining the largest recovery for shareholders in securities litigation history (over $7 billion in recoveries in the *Enron* securities litigation), Robbins Geller won a six-week jury verdict in a billion-dollar securities fraud trial against Household International, Inc., a

- 12 -

division of HSBC, one of the largest banks in the world. *See* Ex. 2, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc., et al.*, No. 02-C-5893 (N.D. Ill. 2016). Other notable recoveries include the $925 million awarded to investors in *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn. 2009). Ex. 14. Robbins Geller can, and will, contribute all necessary resources for the effective prosecution of this action.

Robbins Geller is also particularly qualified as a leader in shareholder derivative cases, securing substantial monetary recoveries and achieving significant corporate governance enhancements for companies and shareholders. *See, e.g.*, *In re Lumber Liquidators Holdings, Inc. Sec. Litig.*, No. 4:13-cv-00157-AWA-DEM (E.D. Va. 2016) (serving as lead counsel, recovered $26 million for company, plus substantial governance reforms); *City of Westland Police and Fire Ret. Sys. v. Stumpf, et al.*, No. 3:11-cv-02369-SI (N.D. Cal. 2014) (serving as lead counsel recovered $67 million for company and substantial corporate governance relief); *In re Marvell Tech. Grp. Ltd. Derivative Litig.*, No. C-06-03894-RMW(RS) (N.D. Cal. 2009) (serving as lead counsel recovered $54.9 million for company, plus substantial corporate governance reforms); *In re KLA-Tencor Corp. S'holder Derivative Litig.*, No. C-06-03445-JW (N.D. Cal. 2010) (serving as lead counsel defeated Special Litigation Committee motion to terminate and recovered $42.6 million for company and substantial corporate governance reforms); *In re KB Home S'holder Derivative Litig.*, No. CV-06-05148- FMC(CTx) (C.D. Cal. 2008) (serving as lead counsel recovered $30 million for company, plus significant corporate governance reforms); *In re Affiliated Comput. Servs. Derivative Litig.*, No. 3:06-cv-1110-O (N.D. Tex. 2009) (serving as lead counsel recovered $30 million for company). Exs. 4-5, 8-9, 12, 15.

Robbins Geller has also achieved significant victories for shareholder derivative plaintiffs at the federal and state appellate levels. *See, e.g.*, *Rosenbloom v. Pyott*, 765 F.3d 1137 (9th Cir. 2014) (serving as lead counsel obtain reversal of dismissal of derivative suit for failure to plead futility of

- 13 -

demand); *Lynch v. Rawls*, 429 F. App'x 641 (9th Cir. 2011) (same); *In re F5 Networks, Inc.,*
*Derivative Litig.*, 207 P.3d 433 (Wash. 2009) (serving as lead counsel obtained unanimous decision
holding that Washington is a demand futility state).

In sum, Robbins Geller has a proven track record of zealously representing its clients and
achieving some of the largest derivative recoveries in history, making it uniquely qualified to act as
Lead Counsel in this litigation. Therefore, Robbins Geller should be appointed Lead Counsel for
plaintiffs in the consolidated Kraft Heinz shareholder derivative actions pending.

## IV. CONCLUSION

Accordingly, Silverman's motion to reassign and consolidate the Derivative Actions and to
appoint Silverman as Lead Plaintiff and Robbins Geller as Lead Counsel should be granted in its
entirety.

DATED: April 17, 2020        Respectfully submitted,

       ROBBINS GELLER RUDMAN
        & DOWD LLP
       JAMES E. BARZ (IL Bar # 6255605)
       FRANK A. RICHTER (IL Bar # 6310011)

                 *s/ Frank A. Richter*
            FRANK A. RICHTER

       200 South Wacker Drive, 31st Floor
       Chicago, IL 60606
       Telephone: 312/674-4674
       312/674-4676 (fax)
       jbarz@rgrdlaw.com
       frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
BENNY C. GOODMAN III
ERIK W. LUEDEKE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
drobbins@rgrdlaw.com
bennyg@rgrdlaw.com
eluedeke@rgrdlaw.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL JR.
40 Powder Springs Street
Marietta, GA 30064
Telephone: 470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

LAW OFFICE OF ALFRED G.
  YATES, JR., P.C.
ALFRED G. YATES, JR.
300 Mt. Lebanon Blvd., Suite 206-B
Pittsburgh, PA 15234
Telephone: 412/391-5164
412/471-1033 (fax)
yateslaw@aol.com

*Counsel for Stephen Silverman and Charlotte Hays*

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
JAMES M. FICARO
22 Cassatt Avenue
Berwyn, PA 19312
Telephone: 610/225-2677
610/408-8062 (fax)
rw@weiserlawfirm.com
jmf@weiserlawfirm.com

- 15 -

RM LAW P.C.
RICHARD A. MANISKAS
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: 484/324-6800
rmaniskas@rmclasslaw.com

*Counsel for Plaintiff Vladimir Gusinsky Revocable Trust*

ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
STEVEN R. WEDEKING
5040 Shoreham Place
San Diego, CA 92122
Telephone: 619/525-3990
619/525-3991 (fax)
brobbins@robbinsllp.com
csmith@robbinsllp.com
swedeking@robbinsllp.com

*Counsel for Plaintiff Ian Green*

CARLSON LYNCH, LLP
KYLE A. SHAMBERG
KATRINA CARROLL
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312/750-1265
kcarroll@carlsonlynch.com
kshamberg@carlsonlynch.com

GAINEY McKENNA & EGLESTON
THOMAS J. MCKENNA
GREGORY M. EGLESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: 212/983-1300
212/983-0383 (fax)
tjmckenna@gme-law.com
gegleston@gme-law.com

*Counsel for Plaintiff Steven Hill*

- 16 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 17, 2020, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Frank A. Richter*
FRANK A. RICHTER

ROBBINS GELLER RUDMAN
  & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
frichter@rgrdlaw.com

## Mailing Information for a Case 1:19-cv-01339 Hedick v. Kraft Heinz Company et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Abe Alexander**
  Abe.Alexander@blbglaw.com,MichaelB@blbglaw.com,Khristine.DeLeon@blbglaw.com,managingclerk@blbglaw.com,Scott.Foglietta@blbglaw.com,Matthew.Mahad

- **Naumon A Amjed**
  namjed@ktmc.com,4980042342O@filings.docketbird.com,mswift@ktmc.com

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **Jonathan Christian Bunge**
  jonathanbunge@quinnemanuel.com,amandamcguire@quinnemanuel.com,calendar@quinnemanuel.com

- **Robert N Cappucci**
  rcappucci@entwistle-law.com,sriegert@entwistle-law.com

- **William A. Clareman**
  wclareman@paulweiss.com,mao_fednational@paulweiss.com

- **Alan Francis Curley**
  acurley@robinsoncurley.com,nkaspar@robinsoncurley.com,nball@robinsoncurley.com

- **C. Philip Curley**
  pcurley@robinsoncurley.com,nkaspar@robinsoncurley.com,nball@robinsoncurley.com

- **Robert E. Earles**
  bobby.earles@kirkland.com

- **Andrew Ehrlich**
  aehrlich@paulweiss.com,mao_fednational@paulweiss.com

- **Andrew J Entwistle**
  aentwistle@entwistle-law.com,RArnall@Entwistle-Law.com,asher@entwistle-law.com,BBrodeur@Entwistle-Law.com,efilings@entwistle-law.com

- **Robert C Finkel**
  rfinkel@wolfpopper.com,fqian@wolfpopper.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,afarra@cohenmilstein.com,eberelovich@cohenmilstein.com,jreiser@cohenmilstein.com,lhoeksema@cohenmilstein.com,lposner@cohen

- **Gabriel Gillett**
  GGillett@jenner.com,docketing@jenner.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **Salvatore J. Graziano**
  Salvatore@blbglaw.com,managingclerk@blbglaw.com

- **Nathan A Hasiuk**
  nhasiuk@ktmc.com,5519791420@filings.docketbird.com

- **George A. Hedick, Jr**
  geobobb@msn.com

- **Claire Gorman Kenny**
  cgkenny@mgklaw.com,arodriguez@mgklaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com

- **Daniel J Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Lauren McGinley**
  lmcginley@ktmc.com,6996313420@filings.docketbird.com

- **Michael H. Moirano**
  mmoirano@mgklaw.com,arodriguez@mgklaw.com

- **Kevin Michael Neylan**
  kevin.neylan@kirkland.com

- **Sharan Nirmul**
  snirmul@ktmc.com,gcastaldo@ktmc.com,7363952420@filings.docketbird.com,3369561420@filings.docketbird.com,mswift@ktmc.com,lhindmarsh@ktmc.com

- **Dean Nicholas Panos**
  dpanos@jenner.com,KAlbert@jenner.com,docketing@jenner.com,jmerkouris@jenner.com

- **Laura Helen Posner**
  lposner@cohenmilstein.com

- **Julie Goldsmith Reiser**
  jreiser@cohenmilstein.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Sean Michael Riegert**
  sriegert@entwistle-law.com

- **John Michael Robinson**
  johnrobinson@quinnemanuel.com,calendar@quinnemanuel.com,carmenkerkstra@quinnemanuel.com

- **Richard A. Russo , Jr**
  rrusso@ktmc.com,6902234420@filings.docketbird.com

- **Andrew Mitchell Sher**
  asher@entwistle-law.com

- **Katherine M. Sinderson**
  KatieM@blbglaw.com,Michelle.Leung@blbglaw.com,Preya.Gopaul@blbglaw.com

- **Howard Steven Suskin**
  hsuskin@jenner.com,docketing@jenner.com

- **Thomas A. Zimmerman , Jr**
  tom@attorneyzim.com,judy@attorneyzim.com,firm@attorneyzim.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Robert          C. Finkel
Wolf Popper, LLP
845 Third Avenue
12th Floor
New York, NY 10022

Laurence        Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10116
```