UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE KRAFT HEINZ SECURITIES LITIATION | Case No. 1:19-cv-01339<br><br>Honorable Robert M. Dow, Jr. |
| JOHN OSBORNE, BRIAN COLEMAN, EVE COLEMAN, HELEN MILLHOUSE, and MATTHEW D. BROWN, as participants in and on behalf of the Kraft Heinz Savings Plan, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMPLOYEE BENEFITS ADMINISTRATION BOARD OF KRAFT HEINZ, BERNARDO HEES, PAULO BASILIO, DAVID KNOPF, ANDREW STONER, RISHI NATARAJAN, YANG XU, JAMES LIU, GREG GUIDOTTI, CHRISTOPHER SKINGER, and VINCE GARLATI,<br><br>Defendants. | Case No. 1:20-cv-02256<br><br>Honorable Matthew F. Kennelly |

**UNOPPOSED MOTION FOR REASSIGNMENT OF RELATED CASE**

Defendants The Employee Benefits Administration Board of Kraft Heinz, Bernardo Hees, Paulo Basilio, David Knopf, Andrew Stoner, Rishi Natarajan, Yang Xu, James Liu, Greg Guidotti, Christopher Skinger, and Vince Garlati ("Defendants") hereby move this Court for an order pursuant to Local Rule 40.4 reassigning *Osborne, et al.* v. *Employee Benefits Administration Board of Kraft Heinz, et al.*, No. 20-cv-02256 (N.D. Ill.) ("*Osborne*") to Your Honor.

Defendants believe that reassignment is appropriate based on the following:

**I.      The Securities Actions**

1.      On February 24, 2019, *Hedick* v. *Kraft Heinz Company, et al.*, No. 19-cv-01339 ("*Hedick*"), a federal securities action, was filed in this district and assigned to the Honorable Gary Feinerman. On April 16, 2019, *Hedick* was reassigned to Your Honor. ECF No. 32.

2.      Two federal securities actions arising from the same facts and circumstances as *Hedick* were subsequently filed in the Northern District of Illinois and reassigned to Your Honor: *Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan* v. *Kraft Heinz Company, et al.*, No. 19-cv-01845 ("*Iron Workers*"), and *Timber Hill LLC* v. *Kraft Heinz Company, et al.*, No. 19-cv-02807 ("*Timber Hill*").

3.      On October 8, 2019, Your Honor consolidated *Hedick*, *Iron Workers*, and *Timber Hill*, and appointed lead plaintiffs and lead counsel pursuant to the Private Securities Litigation Reform Act of 1995. *See* No. 19-cv-01339, ECF No. 150. The consolidated action was subsequently captioned *In re Kraft Heinz Securities Litigation*, No. 19-cv-01339.

4.      On March 6, 2020, the defendants in *In re Kraft Heinz Securities Litigation* filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). No. 19-cv-01339, ECF Nos. 215–18.

**II.     The Instant Action**

5.      On March 19, 2019, *Osborne*—a putative class action brought pursuant to the Employee Retirement Income Security Act ("ERISA")—was filed in the Western District of Pennsylvania. *See* No. 19-cv-00307 (W.D. Pa.).

6. Several federal shareholder derivative actions were subsequently filed in that district, where they were consolidated (the "Derivative Actions"). *See In re Kraft Heinz Shareholder Deriv. Litig.*, No. 19-cv-00433 (W.D. Pa. June 5, 2019), ECF No. 19.

7. On July 31, 2019, the defendants in *Osborne* and the defendants in the Derivative Actions moved to transfer those actions to the Northern District of Illinois (the "Transfer Motions"), noting that *Osborne* and the Derivative Actions arise from the same facts and circumstances as *In re Kraft Heinz Securities Litigation*—namely, Kraft Heinz's February 21, 2019 announcement concerning impairment charges to its goodwill and intangible assets, and an investigation by the Securities and Exchange Commission into the Company's procurement function (the "February 21 Disclosures"). *Compare* Compl. ¶¶ 34–35, *In re Kraft Heinz Sec. Litig.*, No. 19-cv-01339 (N.D. Ill. Feb. 24, 2019), ECF No. 1, *with* First Am. Compl. ¶¶ 72–76, *Osborne*, No. 19-cv-00307 (W.D. Pa. June 28, 2019), ECF No. 45. The defendants also argued that having all related federal cases proceeding before a single judge would benefit the courts, the parties, and the witnesses. *See* Defs.' Reply in Supp. of Mot. to Transfer Venue at 2, *Osborne*, No. 20-cv-00307 (W.D. Pa. Oct. 11, 2019), ECF No. 58.

8. On April 9, 2020, the Transfer Motions were granted, and *Osborne* and the Derivative Actions were transferred to the Northern District of Illinois. In granting the Transfer Motions, the Honorable Chief Judge Mark R. Hornak concluded that the fact that "substantially similar litigation" is already pending before Your Honor "overwhelmingly suggests that the interests of justice would be served via transfer, as discovery would be streamlined, witnesses' time would be saved, and inconsistent results would be avoided." Op., *Osborne*, No. 20-cv-00307 (W.D. Pa. Apr. 9, 2020), ECF No. 61.

9. *Osborne* was assigned to the Honorable Matthew F. Kennelly, and the Derivative Actions were assigned to the Honorable Sara L. Ellis and Virginia M. Kendall. *See* No. 20-cv-02256 (N.D. Ill.); No. 20-cv-02257 (N.D. Ill.); No. 20-cv-02258 (N.D. Ill.); No. 20-cv-02259 (N.D. Ill.).

### III. Pending Motions to Reassign Related Litigation

10. On March 9, 2020, *Waters* v. *Behring, et al.*, No. 20-cv-00346 ("*Waters*"), a federal shareholder derivative action arising from the February 21 Disclosures, was filed in the District of Delaware. On March 30, 2020, by joint stipulation and order, the case was transferred to the Northern District of Illinois. ECF No. 9. The case was subsequently assigned to the Honorable Harry D. Leinenweber.

11. On March 31, 2020, *Merritts* v. *3G Capital, Inc., et al.*, No. 20-cv-02071 ("*Merritts*"), another federal shareholder derivative action arising from the February 21 Disclosures, was filed in the Northern District of Illinois and assigned to the Honorable Martha M. Pacold.

12. On April 8, 2020, the plaintiffs in *Waters* and *Merritts* jointly moved to reassign both cases to Your Honor pursuant to Local Rule 40.4. *See* No. 20-cv-00346, ECF No. 12; No. 20-cv-02071, ECF No. 3.

13. On April 13, 2020, *Hill* v. *Abel, et al.*, No. 20-cv-02280 ("*Hill*"), another federal shareholder derivative action arising from the February 21 Disclosures, was filed in the Northern District of Illinois and assigned to the Honorable John J. Tharpe, Jr.

14. On April 17, 2020, the plaintiffs in the Derivative Actions, together with the plaintiff in *Hill*, jointly moved to reassign those cases to Your Honor pursuant to Local Rule 40.4. *In re Kraft Heinz Sec. Litig.*, No. 19-cv-01339, ECF Nos. 237–39.

15. On April 21, 2020, Your Honor took the motions for reassignment of *Waters*, *Merritts*, and the Derivative Actions under advisement. No. 19-cv-01339, ECF No. 240.

## IV. Reassignment of the Instant Action Is Warranted

16. *Osborne* and *In re Kraft Heinz Securities Litigation* (1) "involve some of the same issues of fact;" and (2) "grow out of the same transaction or occurrence." Local Rule 40.4(a). In particular, each action arises from Kraft Heinz's February 21, 2019 announcement concerning impairment charges to its goodwill and intangible assets and an investigation by the Securities and Exchange Commission into the Company's procurement function. *Compare* Consol. Class Action Compl. ¶¶ 16–18, *In re Kraft Heinz Sec. Litig.*, No. 19-cv-01339 (N.D. Ill. Jan. 6, 2020), ECF No. 179, *with* First Am. Compl. ¶¶ 72–76, *Osborne*, No. 19-cv-00307 (W.D. Pa. June 28, 2019), ECF No. 45.

17. Moreover, each of the four factors enumerated in Local Rule 40.4(b) is found here. Both cases are pending in the Northern District of Illinois. Local Rule 40.4(b)(1). As Judge Hornak recognized in granting the Transfer Motions, the handling of both cases by the same judge is "likely to result in a substantial saving of judicial time and effort." Local Rule 40.4(b)(2). *In re Kraft Heinz Securities Litigation* is still at the motion-to-dismiss stage, and thus "has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially." Local Rule 40.4(b)(3). Finally, while the two cases assert different claims, there are overlapping defendants and there would be overlapping witnesses and discovery, should the cases survive motions to dismiss. Thus, "the cases are susceptible of disposition in a single proceeding." Local Rule 40.4(b)(4).

18. Pursuant to Local Rule 40.4, a copy of the *Osborne* complaint is attached to this Motion as Exhibit A.

19. Plaintiffs have informed counsel for Defendants that they do not oppose this motion.

WHEREFORE, Defendants respectfully request that the *Osborne* action be reassigned to Your Honor pursuant to Local Rule 40.4.

Dated: April 21, 2020

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ Daniel J. Kramer
Daniel J. Kramer (*pro hac vice* pending)
Andrew J. Ehrlich (*pro hac vice* pending)
William A. Clareman (*pro hac vice* pending)
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
dkramer@paulweiss.com
aehrlich@paulweiss.com
wclareman@paulweiss.com

Matthew D. Stachel (*pro hac vice* pending)
500 Delaware Avenue, Suite 200
Post Office Box 32
Wilmington, DE 19899-0032
(302) 655-4410
mstachel@paulweiss.com

*Counsel for Defendants The Employee Benefits Administration Board of Kraft Heinz, Bernardo Hees, Paulo Basilio, David Knopf, Andrew Stoner, Rishi Natarajan, Yang Xu, James Liu, Greg Guidotti, Christopher Skinger, and Vince Garlati*

**JENNER & BLOCK LLP**

Dean N. Panos (Il. ARDC # 6203600)
Howard S. Suskin (Il. ARDC # 6185999)
Gabriel K. Gillett (Il. ARDC # 6328233)
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350
Fax: (312) 527-0484
dpanos@jenner.com
hsuskin@jenner.com
ggillett@jenner.com

*Counsel for Defendants The Employee Benefits Administration Board of Kraft Heinz, Bernardo Hees, Paulo Basilio, David Knopf, Andrew Stoner, Rishi Natarajan, Yang Xu, James Liu, Greg Guidotti, Christopher Skinger, and Vince Garlati*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Unopposed Motion for Reassignment of Related Case* was filed on April 21, 2020 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

By: */s/ Daniel J. Kramer*
Daniel J. Kramer