UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNION ASSET MANAGEMENT HOLDING AG AND SJUNDE AP-FONDEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE KRAFT HEINZ COMPANY, et al.,<br><br>Defendant. | Case No. 1:19-cv-01339<br><br>ECF Case<br><br>Honorable Robert M. Dow, Jr. |
| RICHARD MERRITTS, derivatively on behalf of THE KRAFT HEINZ COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>3G CAPITAL, INC., et al.,<br><br>Defendants.<br><br>– and –<br><br>THE KRAFT HEINZ COMPANY,<br><br>Nominal Defendant. | Case No. 1:20-cv-02071<br><br>Honorable Martha M. Pacold |

[Caption continued on following page.]

**PLAINTIFFS STEPHEN SILVERMAN'S AND DALE WATERS'
REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL**

| | |
|---|---|
| DALE WATERS, Derivatively on Behalf of Nominal Defendant THE KRAFT HEINZ COMPANY, | Case No. 1:20-cv-02072 |
| | Honorable Harry D. Leinenweber |
| Plaintiff, | |
| vs. | |
| ALEXANDER BEHRING, et al., | |
| Defendants. | |
| – and – | |
| THE KRAFT HEINZ COMPANY, | |
| Nominal Defendant. | |
| In re KRAFT HEINZ SHAREHOLDER DERIVATIVE LITIGATION | Case No. 1:20-cv-02259 |
| | Honorable Virginia M. Kendall |
| STEVEN HILL, Derivatively on Behalf of THE KRAFT HEINZ COMPANY, | Case No. 1:20-cv-02280 |
| | Honorable John J. Tharp, Jr. |
| Plaintiff, | |
| vs. | |
| GREGORY E. ABEL, et al., | |
| Defendants. | |
| – and – | |
| THE KRAFT HEINZ COMPANY, | |
| Nominal Defendant. | |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................2

    A. Merritts Is Not a More Adequate Plaintiff than Silverman and Waters ..................2

        1. Silverman's and Waters' Complaints Are More Comprehensive than Merritts' ................................................................................................3

        2. Merritts Has Not Demonstrated Any Greater Vigor than Silverman and Waters .....................................................................................................6

    B. HGT Does Not Have the Experience or Resources Offered by Silverman's and Waters' Counsel ................................................................................................7

    C. Silverman's and Waters' Counsel Did Not Exclude Merritts' Counsel; HGT Chose to Exclude Itself ....................................................................................8

III. CONCLUSION ..............................................................................................................9

4826-6078-1500.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Del Monte Food Co. S'holders Litig.*,
   2010 Del Ch. LEXIS 255 (Del. Ch. Dec. 31, 2010) ...................................................................7

*Iron Workers Mid-S. Pension Fund v. Oberhelman*,
   2014 U.S. Dist. LEXIS 158103 (C.D. Ill. Nov. 7, 2014) ........................................................6, 7

*King v. Verifone Holdings, Inc.*,
   994 A.2d 354 (Del. Ch. 2010) ....................................................................................................7

*Pyott v. La. Mun. Police Emps.' Ret. Sys.*,
   74 A.3d 612, (Del. 2013) .......................................................................................................1, 6

*Ret. Fund v. White*,
   2012 U.S. Dist. LEXIS 51932 (N.D. Ill. Apr. 13, 2012) ............................................................7

*South v. Baker*,
   62 A.3d 1 (Del. Ch. 2012) ..........................................................................................................7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78j(b) .........................................................................................................................................3
   §78n ............................................................................................................................................3
   §78n(a) .......................................................................................................................................3
   §78u-4 ........................................................................................................................................3

4826-6078-1500.v1

**I.  INTRODUCTION**

Plaintiffs Steven Silverman and Dale Waters respectfully submit this Reply in support of their motion to be appointed as lead plaintiffs and appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Glancy Prongay & Murray LLP ("GPM") as lead counsel, and in opposition to plaintiff Richard Merritts' motion for appointment as lead plaintiff and the Law Offices of Hung G. Ta, Esq. PLLC ("HGT") as lead counsel.  Merritts erroneously contends that he should be appointed as the sole lead plaintiff because he is the most adequate representative of all the plaintiffs who filed derivative actions and that he has retained the best counsel of all of the law firms representing the plaintiffs.

Merritts asserts that he alone obtained documents through a pre-suit books and records production by The Kraft Heinz Company ("Kraft Heinz" or the "Company") and used them to craft his complaint.  Again, Merritts is incorrect.  In fact, Waters not only made a 8 Del. Ch. §220 ("§220") document demand earlier than Merritts, but also utilized such documents as the basis of the Waters' complaint.  Merritts similarly misapprehends the law around the use of §220 inspection demands and fails to acknowledge the Delaware Supreme Court categorically rejected the argument that counsel is inadequate if they do not engage in pre-suit discovery.  *See Pyott v. La. Mun. Police Emps.' Ret. Sys.*, 74 A.3d 612, 618 (Del. 2013).

Moreover, in February 2020, Merritts' counsel, Ta, unsuccessfully made exactly the same argument he makes here before the Delaware Court of Chancery seeking to be appointed lead counsel in a related Delaware *Kraft Heinz* derivative action.  There, the Delaware Court rejected Ta's arguments and appointed firms other than HGT to lead that action.  Scorned, HGT then dismissed the Delaware action only to re-file here and now repeats those same rejected arguments hoping for better luck before this Court.  HGT's complaint was not superior in Delaware Chancery Court and it is not superior here.

1

Further, Merritts has not established that his choice of lead counsel is superior to that of Robbins Geller and GPM. Robbins Geller and GPM both have significant resources and depth of experience successfully prosecuting complex, multi-jurisdictional shareholder representative actions. *Infra*, at §II.B. A comparison of firm resumes demonstrates that Merritts' selected counsel cannot match the experience or resources of either Robbins Geller or GPM, let alone both firms combined. To be sure, the interests of all plaintiffs and their counsel should be considered. The proposed leadership of Robbins Geller and GPM has the unanimous support of firms representing the six plaintiffs other than Merritts.

Merritts claims that Waters is attempting to "cut out" Merritts by withdrawing from their joint motion for leadership and joining Silverman's motion. Not so, Waters and Silverman attempted to include Merritts in the agreed organization. The original Merritts/Waters motion was filed before the consolidated derivative case led by Silverman was transferred to this Court and the filing of the *Hill* action in this Court. Waters' agreement to prosecute this consolidated action with Silverman is based on the benefit of working together and building consensus among all of the plaintiffs. HGT has chosen to exclude itself from the coterie of plaintiffs.

Accordingly, Silverman and Waters should be appointed lead plaintiff and their counsel, Robbins Geller and GPM, as lead counsel.

**II.    ARGUMENT**

    **A.    Merritts Is Not a More Adequate Plaintiff than Silverman and Waters**

Merritts argues that he should be appointed sole lead plaintiff because he is the most "adequate" plaintiff. His argument hinges on his mistaken assertion that he was the only one to file a books and records demand under §220 and therefore has, in his subjective judgment, a better

2

complaint. ECF No. 250 ("Merritts' Resp.") at 8-12. A comparison of the Merritts Complaint with the Silverman and Waters Complaints reveals that they are superior to the Merritts Complaint.[1]

### 1. Silverman's and Waters' Complaints Are More Comprehensive than Merritts'

Silverman's and Waters' complaints are more comprehensive than Merritts' complaint because they name important defendants that Merritts did not, and allege claims overlooked by Merritts. The Silverman Complaint was the first derivative complaint to allege federal claims and is 84 pages. *See* ECF No. 239-2. The Waters Complaint was the first derivative complaint to allege federal claims based on a §220 production and is 96 pages. *See* ECF No. 229-2. The Merritts Complaint, drafted with the benefit of the federal claims alleged in both the Silverman and Waters Complaints, is less comprehensive at 61 pages. ECF No. 250-2.

Silverman alleges claims for breach of fiduciary duty, unjust enrichment and contribution for violations of §§10(b) and 21D of the Securities Exchange Act of 1934 ("Exchange Act"). ECF No. 239-2. Waters alleges claims for breach of fiduciary duty, violations of §14 of the Exchange Act and contribution under §10(b) of the Exchange Act. ECF No. 229-2. The Merritts Complaint only alleges claims for breach of fiduciary duty and contribution under §10(b) of the Exchange Act, but not unjust enrichment or violations of §14(a) of the Exchange Act. ECF No. 250-2.

The Silverman and Waters Complaints each name as defendants Vince Garlati, the Company's Global Controller and Principal Accounting Officer, and Christopher Skinger, Garlati's predecessor. Inexplicably, although Merritts focuses on the contents of a memorandum produced by Garlati and the alleged misstatements center on Kraft Heinz's accounting and internal controls, the

---

[1] *See In re Kraft Heinz S'holder Derivative Litig.*, No. 1:20-cv-02259, Consolidated Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Unjust Enrichment, and Contribution for Violations of the Federal Securities Laws (W.D. Pa.) (the "Silverman Complaint") (ECF No. 239-2); *Waters v. Behring, et al.*, No. 1:20-cv-00346-RGA, Verified Shareholder Derivative Complaint (D. Del.) (the "Waters Complaint") (ECF No. 229-2); *Merritts v. 3G Capital, Inc., et al.*, 1:20-cv-02071, Verified Shareholder Derivative Complaint (N.D. Ill.) (the "Merritts Complaint") (ECF No. 250-2).

Merritts Complaint fails to name Garlati or Skinger as a defendant. Merritts' Resp. at 9; ECF No. 250-2. By objective measures, therefore, the Silverman and Waters Complaints are more complete: they allege more detailed claims and name critical defendants missed by Merritts.

Unable to address these deficiencies, Merritts argues that his complaint is superior by a subjective measure: He asserts that his claim for insider trading against 3G Capital is the most artfully drafted. Merritts' Resp. at 6-8. However, Merritts acknowledges, as he must, that the insider trading claim is "pleaded by all competing movants." Merritts' Resp. at 6. According to Merritts, even though all movants pled the claim, he should be appointed lead plaintiff because only he alleged the facts necessary to "unquestionably" plead the elements of the claim – a bold claim indeed by someone whose chosen counsel has apparently never served as sole lead counsel in a complex shareholder derivative action. *Id*. at 7. And, as with any subjective characterization, reasonable minds can, and do, disagree.[2]

Notably, the Delaware Court of Chancery recently disagreed with the very same assertion that Merritts' attorneys best presented an insider trading claim. On February 7, 2020, Merritts' attorneys, representing a different plaintiff, moved to be appointed lead counsel in a shareholder derivative litigation against Kraft pending in the Delaware Court of Chancery. *See* Application for Appointment of Lead Plaintiffs and Co-Lead Counsel by Plaintiffs Mary Nell Legg Family Trust, et al., *In re Kraft Heinz Co. Derivative Litig.*, No. 2019-0587-AGB (Del. Ch. Feb. 14, 2020), attached hereto as Exhibit A. As here, HGT argued that while all movants had alleged the insider trading claim, only HGT pled the claim sufficiently enough to withstand a motion to dismiss. *Compare* Merritts' Resp. at 7-8 *with* Ex. A at 11-12 (same argument, at times verbatim); *see also* Merritts' Resp. at 8 and Ex. A at 13 (verbatim). The Delaware Court of Chancery saw it differently. On

---

[2] Merritts also overlooks that none of the claims will be tested until after the filing of an amended consolidated pleading.

4

March 13, 2020, Vice Chancellor Bouchard appointed other plaintiffs and counsel to leadership roles, specifically holding that the superior complaints were filed by other counsel. Order at 4, *In re Kraft Heinz Co. Derivative Litig.*, No. 2019-0587-AGB (Del. Ch. March 13, 2020), attached hereto as Exhibit B. By now, HGT certainly knows there is nothing particularly unique or proprietary about its insider trading allegations because it attempted to convince Vice Chancellor Bouchard of the same and failed. Having lost the leadership contest in the Delaware Chancery Court, Merritts' counsel has come to this Court repeating the same, rejected arguments hoping for better luck.

Aside from having been rejected by another court, Merritts' argument also ignores key allegations in the Waters Complaint. For example, according to Merritts, his complaint is superior because he alleges facts related to a memorandum produced by defendant Garlati that supports an inference of scienter as to 3G Capital. Merritts' Resp. at 7-8. But in his opening motion, Merritts already conceded that "Merritts' **and Waters'** counsel identified **critical internal Kraft Heinz memoranda and presentations** demonstrating that defendants had knowledge of the facts underlying the $15.4 [billion] impairment" and that both "the *Merritts* and *Waters* complaints, spanning nearly 70 and 100 pages, respectively are supported by nonpublic documents produced in response to the 220 Demands." ECF No. 232-1 at 7; *see also id*. at 8 (indicating that Merritts and Waters both obtained and alleged "the Company's internal memoranda and presentations, which show that defendants were aware of the facts underlying the February 21, 2019 $15.4 billion impairment six months earlier"); *see also* ECF No. 229-2, ¶¶55-104 (redacting substantial allegations in support of Board Knowledge).[3] Undermining his argument is Merritts' failure to name Garlati as a defendant

---

[3] All emphasis is added unless otherwise noted.

4826-6078-1500.v1

while simultaneously asserting that Garlati's memorandum contained important information. Merritts' Resp. at 9.[4]

Merritts' complaint contains less allegations than Silverman's and Waters' complaints, fails to name important defendants and lacks claims alleged in Silverman's and Waters' complaints. The Merritts Complaint is not superior to the pleadings of Silverman and Waters, and HGT's attempt for a second bite at the apple should be rejected.

### 2. Merritts Has Not Demonstrated Any Greater Vigor than Silverman and Waters

Merritts argues that he has demonstrated greater "vigor" in pursuit of the derivative claims he asserts solely because he made a pre-suit demand for the production of books and records pursuant to §220. His argument fails for two reasons.

First, Waters demonstrated greater vigor by making a document demand long before Merritts. Waters sought documents from Kraft Heinz in April 2019 and filed his complaint before Merritts, so Merritts clearly has not prosecuted the case with greater vigor.

Second, Silverman filed his action ten months before Merritts and has already engaged in significant litigation organizing the transferred actions and opposing a motion to transfer. Merritts' assertion that Silverman somehow cannot serve as lead plaintiff because he did not first make a books and records demand is contrary to Delaware law. *Pyott*, 74 A.3d at 618 ("There is no record support for the trial court's premise that stockholders who file quickly, without bringing a §220 books and records action, are ***a priori*** acting on behalf of their law firms instead of the corporation."). Nor does federal law require a shareholder to pursue corporate books and records

---

[4] Merritts' remaining arguments for the superiority of his complaint are no more persuasive. While Merritts suggests that the securities class action plaintiffs specifically sought unsealing of was only his complaint (Merritts' Resp. at 1), they actually asked the Court to unseal ***both*** the Waters and Merritts Complaints without differentiating between them. ECF No. 234.

before filing a derivative complaint. *Iron Workers Mid-S. Pension Fund v. Oberhelman*, 2014 U.S. Dist. LEXIS 158103, at *8-*11 (C.D. Ill. Nov. 7, 2014) (noting that an inspection demand is not a prerequisite to filing a plenary case and appointing Robbins Geller as lead counsel); *Chester Cty. Emps.' Ret. Fund v. White*, 2012 U.S. Dist. LEXIS 51932, at *5 n.2 (N.D. Ill. Apr. 13, 2012). The absurd result of Merritts' contention is that no derivative case could be brought against a Delaware corporation without making a books and records demand; a result not supported by statute or case law.

Merritts also erroneously contends that a litigation strategy that foregoes a books and records request is somehow tantamount to disloyalty. Merritts' Resp. at 6. This is neither Delaware nor federal law, however. *Pyott*, 74 A.3d at 618; *Chester Cty. Emps.' Ret. Fund*, 2012 U.S. Dist. LEXIS 51932, at *5 n.2; *Iron Workers Mid-S. Pension Fund*, 2014 U.S. Dist. LEXIS 158103, at *9. Merritts' reliance on cases such as *King v. Verifone Holdings, Inc.*, 994 A.2d 354, 364 (Del. Ch. 2010) and *South v. Baker*, 62 A.3d 1 (Del. Ch. 2012) that pre-date *Pyott* is as misplaced as it is unavailing.

### B. HGT Does Not Have the Experience or Resources Offered by Silverman's and Waters' Counsel

When considering appointment of lead counsel, the Court should consider more than just a willingness to act as lead counsel. Instead, the Court should make a clear-eyed assessment of the abilities and resources brought to bear during the prosecution of an action. *In re Del Monte Food Co. S'holders Litig.*, 2010 Del Ch. LEXIS 255, at *13 (Del. Ch. Dec. 31, 2010). There is no doubt that Robbins Geller and GPM have significantly more experience and have served as lead counsel litigating more cases with greater recoveries than HGT. Compare Robbins Geller's and GPM's resumes with the HGT resume. *See* ECF No. 239-12; ECF No. 232-2, Exhibits A, B. HGT

7

apparently has never been designated by a court as sole lead counsel, let alone in a complex, multi-party, multi-jurisdictional shareholder derivative action.

With respect to the resources of counsel, Silverman and Waters expect that the prosecution of this derivative litigation will require the commitment of skilled attorneys, consultants and investigators over a lengthy period of time. Defendants are very well financed, represented by experienced defense counsel, and are certain to expend vast resources defending against the claims. Robbins Geller and GPM have demonstrated ability to meet any and all staffing requirements through their own firms and the firms that have supported their proposed leadership structure. Further, as the consolidated action is being prosecuted on a contingent basis, Robbins Geller and GPM are prepared to meet the financial investment necessary to effectively litigate the derivative claims, which they anticipate will be significant. HGT is a far smaller firm and the consolidated case will be hindered if forced to rely on fewer staff and financial resources.

### C. Silverman's and Waters' Counsel Did Not Exclude Merritts' Counsel; HGT Chose to Exclude Itself

Merritts' counsel incorrectly argues that he will be "cut out" of work on this case unless he is appointed lead counsel. Merritts' Resp. at 15. Not so. Waters supported the proposed Silverman and Waters leadership structure not because he would somehow get a better position (Waters was proposed as lead plaintiff under both leadership applications) or "cut out" anyone, but rather because "it is the most inclusive and best satisfies the standards by which leadership should be established for the consolidated action." ECF No. 246. The other plaintiffs were consulted, and the Silverman and Waters leadership structure received their support. *See id*. HGT, on the other hand, chose to exclude itself from the rest of plaintiffs' counsel.

### III. CONCLUSION

For these reasons, plaintiffs Silverman and Waters respectfully request that they be appointed as lead plaintiffs and their counsel, Robbins Geller and GPM, be appointed as lead counsel. Plaintiffs further request leave to file their consolidated complaint within 30 days of the entry of an order appointing leadership.

DATED: May 8, 2020

ROBBINS GELLER RUDMAN
 & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)

FRANK A. RICHTER

200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
BENNY C. GOODMAN III
ERIK W. LUEDEKE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
drobbins@rgrdlaw.com
bennyg@rgrdlaw.com
eluedeke@rgrdlaw.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL JR.
40 Powder Springs Street
Marietta, GA 30064

9

Telephone: 470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

LAW OFFICE OF ALFRED G.
  YATES, JR., P.C.
ALFRED G. YATES, JR.
300 Mt. Lebanon Blvd., Suite 206-B
Pittsburgh, PA 15234
Telephone: 412/391-5164
412/471-1033 (fax)
yateslaw@aol.com

*Counsel for Stephen Silverman and Charlotte Hays*

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
JAMES M. FICARO
22 Cassatt Avenue
Berwyn, PA 19312
Telephone: 610/225-2677
610/408-8062 (fax)
rw@weiserlawfirm.com
jmf@weiserlawfirm.com

RM LAW P.C.
RICHARD A. MANISKAS
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: 484/324-6800
rmaniskas@rmclasslaw.com

*Counsel for Plaintiff Vladimir Gusinsky Revocable Trust*

10

ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
STEVEN R. WEDEKING
5040 Shoreham Place
San Diego, CA 92122
Telephone: 619/525-3990
619/525-3991 (fax)
brobbins@robbinsllp.com
csmith@robbinsllp.com
swedeking@robbinsllp.com

*Counsel for Plaintiff Ian Green*


CARLSON LYNCH, LLP
KYLE A. SHAMBERG
KATRINA CARROLL
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312/750-1265
kcarroll@carlsonlynch.com
kshamberg@carlsonlynch.com

GAINEY McKENNA & EGLESTON
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: 212/983-1300
212/983-0383 (fax)
tjmckenna@gme-law.com
gegleston@gme-law.com

*Counsel for Plaintiff Steven Hill*

GLANCY PRONGAY & MURRAY LLP
MATTHEW M. HOUSTON
BENJAMIN I. SACHS-MICHAELS
712 Fifth Avenue
New York, New York 10019
Telephone: 212/935-7400
212/756-3630 (fax)
mhouston@glancylaw.com
bsachsmichaels@glancylaw.com

*Counsel for Dale Waters*

12

4826-6078-1500.v1

CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on May 8, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      s/ FRANK A. RICHTER
      FRANK A. RICHTER

      ROBBINS GELLER RUDMAN
          & DOWD LLP
      200 South Wacker Drive, 31st Floor
      Chicago, IL 60606
      Telephone: 312/674-4674
      312/674-4676 (fax)

      E-mail: FRichter@rgrdlaw.com

4826-6078-1500.v1

# Mailing Information for a Case 1:19-cv-01339 Hedick v. Kraft Heinz Company et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Abe Alexander**
  Abe.Alexander@blbglaw.com,MichaelB@blbglaw.com,Khristine.DeLeon@blbglaw.com,managingclerk@blbglaw.com,Scott.Foglietta@blbglaw.com,Matthew.Mahad

- **Naumon A Amjed**
  namjed@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **Jonathan Christian Bunge**
  jonathanbunge@quinnemanuel.com,amandamcguire@quinnemanuel.com,calendar@quinnemanuel.com

- **Robert N Cappucci**
  rcappucci@entwistle-law.com,sriegert@entwistle-law.com

- **William A. Clareman**
  wclareman@paulweiss.com,mao_fednational@paulweiss.com

- **Alan Francis Curley**
  acurley@robinsoncurley.com,nkaspar@robinsoncurley.com,nball@robinsoncurley.com

- **C. Philip Curley**
  pcurley@robinsoncurley.com,nkaspar@robinsoncurley.com,nball@robinsoncurley.com

- **Robert E. Earles**
  bobby.earles@kirkland.com

- **Andrew Ehrlich**
  aehrlich@paulweiss.com,mao_fednational@paulweiss.com

- **Andrew J Entwistle**
  aentwistle@entwistle-law.com,asher@entwistle-law.com,BBrodeur@Entwistle-Law.com,efilings@entwistle-law.com

- **Robert C Finkel**
  rfinkel@wolfpopper.com,fqian@wolfpopper.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,afarra@cohenmilstein.com,eberelovich@cohenmilstein.com,jreiser@cohenmilstein.com,lhoeksema@cohenmilstein.com,lposner@cohenm

- **Gabriel Gillett**
  GGillett@jenner.com,docketing@jenner.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **Salvatore J. Graziano**
  Salvatore@blbglaw.com,managingclerk@blbglaw.com

- **Nathan A Hasiuk**
  nhasiuk@ktmc.com,5519791420@filings.docketbird.com

- **George A. Hedick, Jr**
  geobobb@msn.com

- **Claire Gorman Kenny**
  cgkenny@mgklaw.com,arodriguez@mgklaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com

- **Daniel J Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Joshua A. Materese**
  jmaterese@ktmc.com,8181147420@filings.docketbird.com

- **Lauren McGinley**
  lmcginley@ktmc.com,6996313420@filings.docketbird.com

- **Michael H. Moirano**
  mmoirano@mgklaw.com,arodriguez@mgklaw.com

- **Kevin Michael Neylan**
  kevin.neylan@kirkland.com

- **Sharan Nirmul**
  snirmul@ktmc.com,gcastaldo@ktmc.com,7363952420@filings.docketbird.com,3369561420@filings.docketbird.com,mswift@ktmc.com,lhindmarsh@ktmc.com

- **Dean Nicholas Panos**
  dpanos@jenner.com,KAlbert@jenner.com,docketing@jenner.com,jmerkouris@jenner.com

- **Laura Helen Posner**
  lposner@cohenmilstein.com

- **Julie Goldsmith Reiser**
  jreiser@cohenmilstein.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Sean Michael Riegert**
  sriegert@entwistle-law.com

- **John Michael Robinson**
  johnrobinson@quinnemanuel.com,calendar@quinnemanuel.com,carmenkerkstra@quinnemanuel.com

- **Richard A. Russo , Jr**
  rrusso@ktmc.com,6902234420@filings.docketbird.com

- **Andrew Mitchell Sher**
  asher@entwistle-law.com

- **Katherine M. Sinderson**
  KatieM@blbglaw.com,Michelle.Leung@blbglaw.com,Preya.Gopaul@blbglaw.com

- **Howard Steven Suskin**
  hsuskin@jenner.com,docketing@jenner.com

- **Thomas A. Zimmerman , Jr**
  tom@attorneyzim.com,judy@attorneyzim.com,firm@attorneyzim.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Robert            C. Finkel
Wolf Popper, LLP
845 Third Avenue
12th Floor
New York, NY 10022

Laurence          Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10116
```