IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| George A. Hedick Jr., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 19-cv-1339 |
| v. | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| | ) | |
| The Kraft Heinz Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a motion by Lead Plaintiffs Sjunde AP-Fonden and Union Asset Management Holding AG to consolidate cases and vacate PSLRA notice [223]. The Court interprets it to include a motion to reassign under Local Rule 40.4. For the reasons stated below, and without opposition from the relevant parties, the motion is granted. The Court will request that the Executive Committee reassign *City of Hollywood Police Officers' Retirement System v. The Kraft Heinz Co.*, No. 1:20-cv-1970 ("*Hollywood Police* action"), which is currently pending before Judge Coleman. Upon reassignment, (1) the *Hollywood Police* action will then be consolidated with *In re Kraft Heinz Securities Litigation*, No. 1:19-cv-1339 and (2) the Court will enter an order vacating the PSLRA notice published by City of Hollywood Police Officers' Retirement System, through its counsel, on March 28, 2020. Within two business days following entry of the forthcoming order vacating the PSLRA notice in the *Hollywood Police* action, counsel for plaintiff in that action shall issue a public notice notifying all investors that the previously issued PSLRA notice and any deadlines set forth in that notice are vacated.

## STATEMENT

On February 24, 2019, plaintiff George Hedick Jr. filed an initial class action securities complaint [1] in this matter, which eventually became known as *In re Kraft Heinz Securities Litigation*, No. 1:19-cv-1339. The complaint asserted a class period of May 4, 2017 through February 21, 2019, inclusive. Also on February 24, 2019, a notice pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4, was issued.

Subsequent class actions on similar grounds were filed, specifically *Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan, et al. v. The Kraft Heinz Co. et al.*, Case No. 19-cv-1845, and *Timber Hill LLC v. The Kraft Heinz Co. et al.*, Case No. 19-cv-2807, which asserted class periods of July 6, 2015 through February 21, 2019. Various potential plaintiffs filed motions to be appointed as lead plaintiffs and consolidate the related class actions. See [40, 46, 49, 52, 57, and 61].

On October 8, 2019, the Court issued an order [149] consolidating the related actions and appointing Sjunde AP-Fonden ("AP7") and Union Asset Management Holding AG ("Union") (together, "Lead Plaintiffs") as Lead Plaintiffs in the Consolidated Action. On January 6, 2020, Lead Plaintiffs and additional named Plaintiff Booker Enterprises Pty Ltd. filed the Consolidated Class Action Complaint, asserting a class period of November 5, 2015 to August 7, 2019, inclusive (the "Class Period"). [179.]

On March 25, 2020, the Hollywood Police action was filed and was randomly assigned to the Judge Coleman. See *City of Hollywood Police Officers' Retirement System v. The Kraft Heinz Co.*, No. 1:20-cv-1970 (N.D. Ill. Mar. 25, 2020). The *Hollywood Police* action is a related putative securities class action asserting claims against Kraft Heinz for a class period of July 2, 2015 to November 4, 2015, inclusive. On March 28, 2020, the plaintiff in the *Hollywood Police* action issued a notice pursuant to the PSLRA for anyone seeking to be appointed lead plaintiff in that action to file a motion for appointment by May 27, 2020.

Lead Plaintiffs in the matter before this Court filed a motion dated April 3, 2020 to (i) consolidate the *Hollywood Police* action with *In re Kraft Heinz Securities Litigation*, and (ii) vacate the PSLRA notice issued by plaintiff in the *Hollywood Police* action. See [223]. The Court ordered briefing (see [226]), and on April 22, 2020, Lead Plaintiffs filed a "notice of non-opposition to motion to consolidate related case and vacate PSLRA notice." See [243]. The notice states that Lead Plaintiffs have conferred with counsel for the plaintiff in the *Hollywood Police* action and counsel for defendants, that the *Hollywood Police* plaintiff does not intend to pursue his case as a class action, and that "all parties agree that the Hollywood Police Action should be consolidated with the Consolidated Action, and that the Hollywood Police Action PSLRA notice should be vacated." [243, at 2.]

The Court agrees that the cases ought to be consolidated under Federal Rule of Civil Procedure 42. However, before this Court can consolidate the two cases and enter orders that have effect in the *Hollywood Police* action, both must be pending before this Court. Therefore, the Court interprets Lead Plaintiffs' motion [223] to include a motion to reassign under Local Rule 40.4. The motion to reassign is granted and the Court will request that the Executive Committee reassign *City of Hollywood Police Officers' Retirement System v. The Kraft Heinz Co.*, No. 1:20-cv-1970. The *Hollywood Police* action will then be consolidated with *In re Kraft Heinz Securities Litigation*, No. 1:19-cv-1339.

The parties also agree that the *Hollywood Police* action PSLRA notice should be vacated (see [243, at 2) and propose that the plaintiff in the *Hollywood Police* action issue a public notice to that effect. Both proposals seem sensible to the Court. As soon as the *Hollywood Police* action is transferred to this Court, it will enter an order vacating the PSLRA notice in that case. Within two business days of the entry of that order, plaintiff in the *Hollywood Police* action shall issue a public notice notifying all investors that the previously issued PSLRA notice and any deadlines set forth in that notice are vacated.

Dated: May 11, 2020

                                                                    Robert M. Dow, Jr.
                                                                    United States District Judge