## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE KRAFT HEINZ SECURITIES LITIGATION | Case No. 1:19-cv-01339 <br><br> The Hon. Robert M. Dow, Jr. |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED RELIEF FROM THE PSLRA DISCOVERY STAY

July 7, 2020

Daniel J. Kramer  (pro hac vice)
Andrew J. Ehrlich (pro hac vice)
William A. Clareman (pro hac vice)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  212-373-3000
Facsimile:  212-373-3990

-and-

Dean N. Panos (Il. ARDC #6203600)
Howard S. Suskin (Il. ARDC #6185999)
Gabriel K. Gillett (Il. ARDC #6328233)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:  312-222-9350
Facsimile:  312-527-0484

## TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ...................................................................................................................... 3

      A.      Plaintiffs Fail to Demonstrate They Will Suffer Undue Prejudice by Being "Left Behind" Other Plaintiffs ............................................................................. 5

      B.      Plaintiffs' Other Arguments Are Not Based on the Statute and Lack Merit ........ 11

CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*380544 Canada, Inc.* v. *Aspen Tech., Inc.*,
2007 WL 2049738 (S.D.N.Y. July 18, 2007) ...............................................9, 12, 13

*Amalgamated Bank* v. *NetApp, Inc.*,
2012 WL 379908 (Del. Ch. Feb. 6, 2012) .............................................................11

*Avila* v. *LifeLock Inc.*,
2016 WL 7799624 (D. Ariz. Apr. 22, 2016) ............................................................6

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009)..........................................................8

*Beiser* v. *PMC-Sierra, Inc.*,
2009 WL 483321 (Del. Ch. Feb. 26, 2009) ...........................................................11

*Cent. Laborers Pension Fund* v. *News Corp.*,
2011 WL 6224538 (Del. Ch. Nov. 30, 2011),
*aff'd*, 45 A.3d 139 (Del. 2012).............................................................................11

*Cornielsen* v. *Infinium Capital Mgmt., LLC*,
916 F.3d 589 (7th Cir. 2019) .............................................................................1, 9

*In re Delphi Corp.*,
2007 WL 518626 (E.D. Mich. Feb. 15, 2007)..........................................................8

*Dipple* v. *Odell*,
870 F. Supp. 2d 386 (E.D. Pa. 2012) ......................................................................9

*In re Elan Corp. Sec. Litig.*,
2004 WL 1303638 (S.D.N.Y. May 18, 2004) .....................................................9, 12

*In re Facebook, Inc. S'holder Derivative Privacy Litig.*,
411 F. Supp. 3d 649 (N.D. Cal. 2019) .....................................................................6

*In re Fannie Mae Sec. Litig.*,
362 F. Supp. 2d 37 (D.D.C. 2005).........................................................................5

*In re FirstEnergy Corp. Sec. Litig.*,
229 F.R.D. 541 (N.D. Ohio 2004) .........................................................................8

*Gardner* v. *Major Auto. Cos.*,
2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) ..........................................................4

*In re L.G.Philips LCD Co., Ltd. Sec. Litig.*,
  2009 WL 10695549 (S.D.N.Y. Feb. 19, 2009) .......................................................................9

*In re Marvell Tech. Grp. Ltd. Derivative Litig.*,
  2007 WL 1545194 (N.D. Cal. May 29, 2007) .......................................................................13

*In re Massey Energy Co. Sec. Litig.*,
  2011 WL 4528509 (S.D. W. Va. Sept. 28, 2011) ...................................................................8

*Medhekar* v. *U.S. Dist. Ct. for the N. Dist. of Cal.*,
  99 F.3d 325 (9th Cir. 1996) ...............................................................................................3, 13

*In re Mut. Funds Inv. Litig.*,
  2005 WL 549534 (D. Md. Mar. 7, 2005) ................................................................................8

*In re NAHC, Inc. Sec. Litig.*, 2001 WL 1241007 (E.D. Pa. Oct. 17, 2001),
  *aff'd*, 306 F.3d 1314 (3d Cir. 2002) ......................................................................................3

*N.Y. State Teachers' Ret. Sys.* v. *Gen. Motors Co.*,
  2015 WL 1565462 (E.D. Mich. Apr. 8, 2015) ........................................................................8

*In re Odyssey Healthcare, Inc.*,
  2005 WL 1539229 (N.D. Tex. June 10, 2005) ..................................................................12, 13

*Pension Tr. Fund for Operating Eng'rs* v. *Assisted Living Concepts, Inc.*,
  943 F. Supp. 2d 913 (E.D. Wis. 2013) ....................................................................................6

*Podany* v. *Robertson Stephens, Inc.*,
  350 F. Supp. 2d 375 (S.D.N.Y. 2004) .....................................................................................4

*Rampersad* v. *Deutsche Bank Sec. Inc.*,
  381 F. Supp. 2d 131 (S.D.N.Y. 2003) ...............................................................................9, 12

*In re Refco, Inc.*,
  2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006) ...........................................................................6

*In re Royal Ahold N.V. Sec. & Erisa Litig.*,
  220 F.R.D. 246 (D. Md. 2004) ................................................................................................8

*Sarantakis* v. *Gruttaduaria*,
  2002 WL 1803750 (N.D. Ill. Aug. 5, 2002) .........................................................................5, 9

*Selbst* v. *McDonald's Corp.*,
  2006 WL 566450 (N.D. Ill. Mar. 1, 2006) ..........................................................................9, 13

*SG Cowen Sec. Corp.* v. *U.S. Dist. Ct. for the N. Dist. of Cal.*,
  189 F.3d 909 (9th Cir. 1999) ..................................................................................................4

iii

*Singer* v. *Nicor*,
  2003 WL 22013905 (N.D. Ill. Apr. 23, 2003) ...........................................................8

*Sisk* v. *Guidant Corp.*,
  2007 WL 1035090 (S.D. Ind. Mar. 30, 2007).................................................6, 9, 14

*In re Spectranetics Corp. Sec. Litig.*,
  2009 WL 3346611 (D. Colo. Oct. 14, 2009) .........................................................12

*In re Sunrise Senior Living, Inc.*,
  584 F. Supp. 2d 14 (D.D.C. 2008) ........................................................................12

*Turocy* v. *El Pollo Loco*,
  2017 WL 2495172 (C.D. Cal. May 10, 2017) ..........................................................8

*In re Vivendi Universal, S.A. Sec. Litig.*,
  381 F. Supp. 2d 129 (S.D.N.Y. 2003)......................................................................4

*Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds* v.
  *Sadia S.A.*, 2009 WL 1285845 (S.D.N.Y. May 8, 2009) ..........................................8

*In re Williams Sec. Litig.*,
  2003 WL 22013464 (N.D. Okla. May 22, 2003) ......................................................8

*In re WorldCom, Inc. Sec. Litig.*,
  234 F. Supp. 2d 301 (S.D.N.Y. 2002)......................................................................8

## STATUTES

15 U.S.C. § 78u-4(b)(3)(B)..............................................................................1, 3, 4

8 Del. Code § 220 ...........................................................................................6, 10

## OTHER AUTHORITIES

Fed. R. Civ. P. Rule 9(b)................................................................................1, 12

Fed. R. Civ. P. Rule 12 ......................................................................................12

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679.........................1, 3, 5

Defendants The Kraft Heinz Company ("Kraft Heinz" or the "Company"), Bernardo Hees, Paulo Basilio, David Knopf, Alexandre Behring, George Zoghbi, and Rafael Oliveira respectfully submit this memorandum of law in opposition to Plaintiffs' motion to lift the mandatory stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## PRELIMINARY STATEMENT

The PSLRA imposes a mandatory stay of all discovery in securities fraud cases while a motion to dismiss is pending. This reflects Congress's determination that "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.

There are only two exceptions to the statutory discovery stay, and they are narrow. A plaintiff seeking relief from the stay must establish that "particularized discovery is necessary" either (a) "to preserve evidence" or (b) "to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B).

Neither condition exists here. In reality, Plaintiffs' gambit only highlights that they cannot state a claim under the rigorous pleading standards of the PSLRA and Rule 9(b). The appropriate response then is dismissal, not improper discovery.

Plaintiffs do not argue that there is a need here to preserve evidence. They argue only that there is supposedly "undue prejudice." But they do not satisfy the standard, which requires "exceptional circumstances." *Cornielsen* v. *Infinium Capital Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019).

Plaintiffs hardly even discuss the governing legal standard of "undue prejudice," and what argument they make is cursory. Plaintiffs' principal assertion is that they may face undue prejudice without the requested discovery in light of related stockholder derivative actions

proceeding in this Court and in the Delaware Court of Chancery. They contend that they risk being "left behind" while the derivative cases "proceed unhampered" by the PSLRA, supposedly leaving them at an "informational disadvantage" with respect to the plaintiffs in those cases. (Pls.' Br. at 2, 12.) Plaintiffs identify no specific harm that will befall them from these circumstances, and cite no authority lifting the stay in similar circumstances—and for good reason.

This is a situation routinely faced by plaintiffs in securities class actions governed by the PSLRA that are accompanied by parallel stockholder derivative suits. It is the natural and foreseeable result of the statutory stay. It hardly constitutes "exceptional circumstances." And it has been repeatedly rejected by courts in this and other circuits as a basis to lift the mandatory stay. In any event, Plaintiffs are wrong as a matter of fact, both in their assertion that other matters are leapfrogging ahead of theirs, and in their contention that all other plaintiffs have these documents.

The rest of Plaintiffs' motion is devoted to arguments that the mandatory PSLRA stay should be lifted for a variety of reasons not mentioned in the statute. Plaintiffs contend, for instance, that their requests do not violate the "ethos" of the statutory PSLRA stay because they seek documents referenced in public filings, and that the requested discovery "imposes virtually no burden on Defendants that could be opportunistically leveraged to extract a 'strike' settlement." (Pls.' Br. at 9.) In doing so, they ask the Court to craft new exceptions to the PSLRA that find no support in its text, legislative history, or case law—including the very cases Plaintiffs cite. Those cases, consistent with the two express statutory exceptions, held only that lifting the stay was "necessary to preserve evidence" or "prevent undue prejudice" under the specific circumstances presented there. Neither circumstance applies here.

Plaintiffs' clear purpose in making this motion is an impermissible one: to attempt to rescue their complaint in the face of Defendants' motion to dismiss. The documents they seek will not help them. But being unable to meet their pleading burden without discovery does not constitute an "exceptional circumstance" entitling them to discovery, helpful or not. To the contrary, the PSLRA, which is designed to stay discovery until *after* the legal sufficiency of a complaint has been tested, forbids this very tactic.

## ARGUMENT

The PSLRA, in a section entitled "Stay of discovery," imposes a mandatory stay of all discovery in cases arising under the Exchange Act during the pendency of a motion to dismiss:

> In any private action arising under [the Exchange Act], *all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss*, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). There is no dispute that the mandatory stay is in effect here given Defendants' pending motion to dismiss.

The statute reflects a Congressional judgment that "discovery should be permitted in securities class actions *only after* the court has sustained the legal sufficiency of the complaint." S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693 (emphasis added). The legislative history emphasizes that discovery should not be deployed to identify "a sustainable claim not alleged in the complaint," *id.*, as past practice had allowed. "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Medhekar* v. *U.S. Dist. Ct. for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996); *see also In re NAHC, Inc. Sec. Litig.*, 2001 WL 1241007, at *26 (E.D. Pa. Oct. 17, 2001) ("[T]he stay of discovery procedures adopted in conjunction with the heightened pleading

3

standards under the PSLRA is a reflection of the objective of Congress 'to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis'" (citation omitted)), *aff'd*, 306 F.3d 1314, 1332–33 (3d Cir. 2002); *SG Cowen Sec. Corp.* v. *U.S. Dist. Ct. for the N. Dist. of Cal.*, 189 F.3d 909, 911 (9th Cir. 1999) ("The [PSLRA] was passed in response to several perceived abuses in securities litigation, including discovery abuses.").

In light of the clear statutory language and legislative history, "courts have broadly construed the scope of the stay provision." *Gardner* v. *Major Auto. Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012). The statutory language "creat[es] a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss." *Podany* v. *Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (emphasis in original). "[U]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (citation omitted) (alteration in original).

The statute permits courts to lift the mandatory stay only if the moving plaintiff can establish that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). The legislative history explains:

> Courts should stay all discovery pending a ruling on a motion to dismiss a securities class action, except in the ***exceptional circumstance*** where particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party. The Committee recognizes, for example, that a motion to dismiss may remain pending for a period of time, and that the terminal illness of an important witness may necessitate the deposition of the witness prior to ruling on the motion to dismiss.

4

S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693 (emphasis added).

Thus, "[t]he burden of establishing the need for a partial lifting of the discovery stay . . . is a

heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

Plaintiffs' motion falls far short of these standards.

### A. Plaintiffs Fail to Demonstrate They Will Suffer Undue Prejudice by Being "Left Behind" Other Plaintiffs

Plaintiffs' contention that they will experience undue prejudice without the requested

discovery because related stockholder derivative actions will "proceed unhampered" ahead of

this case (Pls.' Br. at 2) does not meet the statutory requirement to lift the mandatory stay.

Indeed, to the extent Plaintiffs' fear of being "left behind" (Pls.' Br. at 2) is really a fear that their

suit will be dismissed for failure to state a claim, that is not "undue prejudice"—it is the PSLRA

working as designed.  It certainly provides no justification for ignoring the statute.

Plaintiffs hardly engage with the governing "undue prejudice" standard, not even

addressing it until page twelve of their fourteen-page brief.  And when they do, Plaintiffs do not

explain why the development of the stockholder derivative litigation in the ordinary course will

cause them "undue prejudice," and they cite not a single case lifting the stay on such grounds.

"Undue prejudice" requires a showing of "'improper or unfair treatment.'"  *Sarantakis* v.

*Gruttaduaria*, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002) (citation omitted).  Merely

"falling behind" other cases does not meet that threshold.

The most specific alleged harm that Plaintiffs identify is that they supposedly will be at

an "informational disadvantage" without the requested discovery because "all other parties" in

related litigations have the documents that Plaintiffs seek.  (Pls.' Br. at 8, 12.)  But Plaintiffs do

not explain what the practical consequences of this are that would rise to the level of "undue

prejudice."  Plaintiffs identify no reason why they have a right to informational parity with

plaintiffs in other cases, such that *undue* prejudice results if they are "left behind," beyond the commonplace situation that cases on related topics not subject to the PSLRA stay may proceed ahead of those that are subject to the stay, a consequence of the statute and not the basis for an exceptional circumstance.

Indeed, courts have routinely rejected precisely the amorphous and conclusory assertions of undue prejudice that Plaintiffs here assert. For example, in *In re Facebook, Inc. Shareholder Derivative Privacy Litigation*, 411 F. Supp. 3d 649 (N.D. Cal. 2019), in circumstances materially identical to this case, plaintiffs moved to lift the automatic stay, seeking documents produced to derivative plaintiffs under Section 220 of the Delaware General Corporation Law (the Delaware books and records provision) in response to stockholder inspection demands, arguing, as Plaintiffs do here, that they were at an "informational disadvantage." *Id.* at 653. The court rejected that argument, noting that "an 'informational disadvantage,' without more, does not justify lifting a PSLRA discovery stay." *Id.* Numerous cases are in accord. *See In re Refco, Inc.*, 2006 WL 2337212, at *3 (S.D.N.Y. Aug. 8, 2006) ("Mere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the stay is 'necessary . . . to prevent undue prejudice' [] that would otherwise result." (internal citation omitted)); *Sisk* v. *Guidant Corp.*, 2007 WL 1035090, at *4 (S.D. Ind. Mar. 30, 2007) (rejecting plaintiffs' arguments that they would be "disadvantaged" in a "shifting legal landscape" and holding that those conditions "do not amount to undue prejudice"); *Avila* v. *LifeLock Inc.*, 2016 WL 7799624, at *2 (D. Ariz. Apr. 22, 2016) (denying motion to lift stay because plaintiffs "only summarily argued that they [would] be unduly prejudiced without access to the discovery Defendants produced in related lawsuits").

Plaintiffs rely almost exclusively on *Pension Trust Fund for Operating Engineers* v. *Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913 (E.D. Wis. 2013), but that case does not help them. Plaintiffs there sought relief from the stay on the grounds that the case involved "many unique facts and circumstances" distinguishing it from other, more routine cases upholding the automatic stay. (*See id.*, Dkt. No. 56 at 4–5.) Specifically, the case was proceeding on an accelerated timeline, where the court had ordered the parties to complete discovery and "undertake all steps necessary to prepare th[e] case for trial" within just nine months. (Dkt. No. 39-2 at 2, 4–5.) The court had also ordered the parties to "confer forthwith to explore settlement" (*id.* at 7), and there had been at least one settlement of a related action at the time the lift-stay motion was granted (Dkt. No. 56 at 4). Plaintiffs argued that they would be disadvantaged in those settlement negotiations if they were the only party at the negotiating table that did not have access to the documents. (Dkt. No. 39-2 at 13–15.) Plaintiffs further argued that there was a "particularly acute" need to ensure preservation of evidence that justified lifting the stay because (i) there were allegations that corporate personnel had "shredded documents relevant to [the] case" and (ii) the defendant was in the midst of reorganization and a potential acquisition by a third party which was "not obligated to preserve relevant information." (*Id.* at 4, 14–16.) *None* of these circumstances is present in this case—the litigation is proceeding on a typical schedule, discovery has not occurred, global settlement discussions are not ongoing, and there are no allegations of any risk of spoliation.

The other cases Plaintiffs rely on also do not support their application. Nearly all involved circumstances in which plaintiffs risked being disadvantaged in light of ongoing or impending settlement negotiations,[1] corporate acquisitions or reorganizations that threatened

---

[1] *See N.Y. State Teachers' Ret. Sys.* v. *Gen. Motors Co.*, 2015 WL 1565462, at *3–5 (E.D. Mich. Apr. 8, 2015) (lifting stay where defendant had entered into $35 million regulatory settlement and where

short-term destruction of documents or dissipation of the defendant's assets,[2] or accelerated pre-trial schedules necessitating early access to documents.[3]  There are no similar circumstances here.[4]

---

discovery and bellwether trials were proceeding in related multi-district litigation); *In re Delphi Corp.*, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007) (lifting stay where securities plaintiffs were "vying for substantially the same pool of funds" as creditors in the company's bankruptcy action and faced the prospect of being unable to recover from defendants who had "already consented to substantial money judgments"); *In re Mut. Funds Inv. Litig.*, 2005 WL 549534 (D. Md. Mar. 7, 2005) (lifting stay as to documents produced in a regulatory settlement process but denying access to documents produced by other defendants not participating in that process); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (impending court-ordered global settlement discussions constituted "unique circumstances" that, combined with others, warranted lifting the stay).

[2]  *See In re Massey Energy Co. Sec. Litig.*, 2011 WL 4528509, at *6 (S.D. W. Va. Sept. 28, 2011) (lifting stay where impending acquisition of defendant "constitute[d] an extraordinary circumstance which might result in the inadvertent destruction of documents"); *In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246, 251–52 (D. Md. 2004) (lifting stay where document loss was a risk in light of defendant "undertaking a wide-ranging corporate reorganization" that included "divest[ing] itself of key subsidiaries," and where the court had "urged" "the parties [to] proceed quickly to settlement negotiations"); *In re Williams Sec. Litig.*, 2003 WL 22013464, at *1 (N.D. Okla. May 22, 2003) (lifting stay where "Defendant [wa]s fighting for its corporate life by selling assets, reducing its work force and settling disputes with others" and where "time may run out for meaningful settlement negotiations").

[3]  *See Turocy* v. *El Pollo Loco*, 2017 WL 2495172, at *2 (C.D. Cal. May 10, 2017) (lifting stay where related action was past the motion-to-dismiss stage, was expected to go to trial in nine to twelve months, and where it was "safe to assume" that any potential settlement in that action "would be most likely to occur before trial"); *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543 (N.D. Ohio 2004) (lifting stay where plaintiffs argued that they would face undue prejudice in light of court's "expedited" schedule for the case).

[4]  Plaintiffs' reliance on other cases is similarly misplaced.  In *Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds* v. *Sadia S.A.*, 2009 WL 1285845 (S.D.N.Y. May 8, 2009), while the court lifted the PSLRA stay, it also expressly stated that the requested discovery "cannot be used—as plaintiffs envision—to buttress their opposition to defendants' motion to dismiss" because "[t]his would be an improper end run around the statutory stay of discovery."  *Id.* at *1.  Similarly, in *Singer* v. *Nicor*, 2003 WL 22013905 (N.D. Ill. Apr. 23, 2003), there was no suggestion that the plaintiffs were on the verge of amending their complaint, as Plaintiffs are here.  *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) is also distinguishable.  Although the court granted the plaintiffs' motion to access documents that the defendants had produced in parallel proceedings, the court did so after first rejecting the "'exceptional circumstances'" standard for assessing motions to lift the PSLRA stay—directly contrary to the Seventh Circuit's decision in *Cornielsen*, 916 F.3d at 601.  *Id.* at *2.  That decision is also contrary to numerous other well-reasoned decisions, including those from the same district.  *See, e.g., In re L.G.Philips LCD Co., Ltd. Sec. Litig.*, 2009 WL 10695549 (S.D.N.Y. Feb. 19, 2009); *380544 Canada, Inc.* v. *Aspen Tech., Inc.*, 2007 WL 2049738 (S.D.N.Y. July 18, 2007); *In re Elan Corp. Sec.*

At bottom, Plaintiffs' quarrel is with the simple fact that under the PSLRA they must await resolution of the motion to dismiss before obtaining discovery. But the PSLRA "requires more than [] delay or inconvenience before [a court] may lift the stay." *Sisk*, 2007 WL 1035090, at *4. As courts in this district have held, "any generalized prejudice resulting from delay on account of a discovery stay is not 'unfair,'" and thus does not constitute undue prejudice within the meaning of the PSLRA, "given the countervailing policy considerations that mandate the stay." *Selbst* v. *McDonald's Corp.*, 2006 WL 566450, at *3 (N.D. Ill. Mar. 1, 2006) (citing *Sarantakis*, 2002 WL 1803750, at *1); *see also Dipple* v. *Odell*, 870 F. Supp. 2d 386, 394 (E.D. Pa. 2012) ("Any strategic disadvantage occasioned by the automatic stay is a consequence of plaintiffs' strategic choice to proceed under the Exchange Act.").

In any event, Plaintiffs' argument that they are suffering "undue prejudice" because they are being left behind other litigations should be rejected because it simply is not true. There are three sets of related litigations: (1) derivative cases pending before this Court, including one consolidated case, (2) an ERISA class action pending before this Court, and (3) consolidated derivative cases pending in the Delaware Court of Chancery. None has materially advanced ahead of this one.

Defendants will respond to the consolidated derivative complaint pending in this Court following the appointment of lead plaintiff and once the operative complaint is identified—no schedule has yet been set. Defendants moved to dismiss the ERISA action on July 2, and that motion will be fully briefed by October 2. Defendants moved to dismiss the shareholder derivative suits in Delaware Court of Chancery on June 12, and that motion will be fully briefed

---

*Litig.*, 2004 WL 1303638 (S.D.N.Y. May 18, 2004); *Rampersad* v. *Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131 (S.D.N.Y. 2003).

by August 28. And in this case, under the stipulation and order granted by the Court on June 30 (Dkt. Nos. 261-1, 267), Defendants' motion to dismiss will be fully briefed by the end of the year. There is no actual risk of the securities case being "left behind" in a material way given the current procedural posture of these various cases. Indeed, to the extent that Plaintiffs' complaint is about the derivative plaintiffs in this Court leaving them behind, this case is in fact *ahead* of those ones, in which no consolidated complaint has yet been filed, nor a briefing schedule established for a responsive motion.

Plaintiffs also are incorrect when they complain they are at an informational disadvantage to "all other plaintiffs." The documents Plaintiffs seek were produced only to certain stockholders in response to pre-suit demands they made pursuant to Section 220 of the Delaware General Corporation Law (the "Section 220 Productions"), which provides stockholders with limited rights to inspect corporate books and records prior to bringing a lawsuit. Some but not all of the stockholders who received those documents later filed state or federal derivative complaints.[5] Other stockholders, who did *not* make Section 220 demands, filed federal derivative complaints *without* requesting the Section 220 Productions.[6] In fact, *most of the plaintiffs in the various derivative actions pending before this Court* have not received a single

---

[5] These cases are *Legg Family Tr.* v. *3G Capital*, No. 2019-0862 (Del. Ch.); *Gen. Ret. Sys. of the City of Detroit* v. *Abel*, No. 2019-0977 (Del. Ch.); *Gilbert* v. *Behring*, No. 2020-0028 (Del. Ch.); *Erste Asset Mgmt.* v. *3G Capital*, No. 2020-0043 (Del. Ch.); *Police & Fire Ret. Sys. of the City of Detroit* v. *Hees*, No. 2020-0069 (Del. Ch.); *Merritts* v. *3G Capital, Inc.*, No. 20-cv-02071 (N.D. Ill.); *Waters* v. *Behring*, No. 20-cv-02072 (N.D. Ill.); and *Hill* v. *Abel*, No. 20-cv-02280 (N.D. Ill.). The Delaware Court of Chancery cases have been consolidated into *In re Kraft Heinz Co. Derivative Litig.*, No. 2019-0587 (Del. Ch.).

[6] These cases are *Silverman* v. *Behring*, No. 20-cv-02257 (N.D. Ill.); *Green* v. *Behring*, No. 20-cv-02258 (N.D. Ill.); *In re Kraft Heinz S'holder Derivative Litig.*, No. 20-cv-02259 (N.D. Ill.); and *Osborne* v. *Emp. Benefits Admin. Bd. of Kraft Heinz*, No. 20-cv-02256 (N.D. Ill.).

page of these documents, nor the unredacted filings that Plaintiffs seek. Plaintiffs in the related ERISA action likewise have not received any of these documents.

The Section 220 Productions were provided to stockholders subject to confidentiality agreements, which limit the stockholders from sharing the documents they received and expressly prohibit sharing with any litigant whose lawsuit is subject to the mandatory PSLRA discovery stay. Such agreements are commonplace because the Delaware Court of Chancery has "anticipated that Section 220 actions might be used to circumvent the PSLRA" stay and thus requires stockholders making Section 220 demands (notwithstanding a PSLRA stay in related federal litigation) to "agree[] to enter a confidentiality agreement preventing [them] from sharing the information obtained with the plaintiff or counsel in the federal action." *Beiser* v. *PMC-Sierra, Inc.*, 2009 WL 483321, at *3 (Del. Ch. Feb. 26, 2009). Notably, Plaintiffs in the present action, who allege they are Kraft Heinz stockholders, never made a Section 220 demand. Having made the choice to file this action, they cannot seek Section 220 documents now.[7]

## B. Plaintiffs' Other Arguments Are Not Based on the Statute and Lack Merit

The bulk of Plaintiffs' motion urges the Court to lift the statutory stay for reasons nowhere found in the statute. Each should be rejected as having no basis in law.

*First*, Plaintiffs seek to justify relief from the PSLRA discovery stay on the grounds that the requested discovery does not violate the "ethos" of the PSLRA because it "imposes virtually no burden on Defendants" and poses little risk that the discovery "could be opportunistically

---

[7] *See Amalgamated Bank* v. *NetApp, Inc.*, 2012 WL 379908, at *7 (Del. Ch. Feb. 6, 2012) (holding that filing of plenary action "extinguished" plaintiff's ability to obtain documents); *Cent. Laborers Pension Fund* v. *News Corp.*, 2011 WL 6224538, at *2 (Del. Ch. Nov. 30, 2011) (holding that stockholder's right was terminated given that its "currently-pending [plenary] action necessarily reflects its view that it had sufficient grounds for alleging . . . its substantive claims without the need for the assistance afforded by Section 220 [documents]"), *aff'd on other grounds*, 45 A.3d 139 (Del. 2012).

leveraged to extract a 'strike' settlement." (Pls.' Br. at 9.) These arguments are entirely untethered to the two statutory exceptions of preserving evidence or avoiding undue prejudice. It is well established that the PSLRA "does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation." *In re Elan Corp. Sec. Litig.*, 2004 WL 1303638, at *1; *see also Rampersad*, 381 F. Supp. 2d at 133 ("Plaintiff has cited no authority for such a categorical exception to the PSLRA's discovery stay provision."); *In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *1 (N.D. Tex. June 10, 2005) (rejecting analogous argument as "ha[ving] no textual basis" in the PSLRA); *380544 Canada, Inc.*, 2007 WL 2049738, at *2 ("[T]he mere fact that . . . the documents at issue already have been provided to [other litigants or regulators] is not sufficient to warrant lifting the stay."); *In re Sunrise Senior Living, Inc.*, 584 F. Supp. 2d 14, 17 (D.D.C. 2008) (same); *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *9 (D. Colo. Oct. 14, 2009) ("*Enron* appears to be an anomaly in this area, and offers no analysis of the statute's textual requirements.").

*Second*, Plaintiffs state in their motion that they intend to file an amended complaint which will include allegations based on "unredacted information" in public filings in stockholder derivative suits that was "derived from" the discovery they seek. They consequently argue that, "[i]n the interests of justice, the putative Class should have access to the full documents underlying those complaints." (Pls.' Br. at 2.) This argument reveals the illogic of Plaintiffs' position. If Plaintiffs contend, as they do, that they can file an amended complaint *now* that complies with Rule 12, Rule 9(b), and the PSLRA, without the requested documents, then there plainly is no "undue prejudice" that will result to them from maintaining the statutory stay. And to the extent that they are arguing that they need the discovery to bolster their allegations, then that flies directly in the face of the statute—and again, the appropriate response is dismissal, not

discovery. "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Medhekar*, 99 F.3d at 328.

  *Third*, Plaintiffs suggest that the stay may be lifted here because their complaint is not "frivolous" and thus does not involve the "abuses" the PSLRA was designed to remedy, as supposedly evidenced by the fact that Kraft Heinz has received subpoenas from regulators. (Pls.' Br. at 11 n.5.)  Again, this is an argument totally unconnected to the statutory exceptions.

  "Congress did not merely instruct courts to stay discovery in cases in which courts perceived abuses." *In re Marvell Tech. Grp. Ltd. Derivative Litig.*, 2007 WL 1545194, at *3 (N.D. Cal. May 29, 2007).  Rather, "Congress specified a stay for *all* privately-prosecuted Exchange Act cases and made exceptions for evidence production and undue prejudice." *Id.* (emphasis added).  Absent one of these two statutory exemptions, the PSLRA stay may not be lifted.  The fact that Kraft Heinz has received subpoenas from regulators or that Plaintiffs believe their claims to be non-frivolous does not support relief from the stay, and courts routinely deny such motions in similar circumstances. *See, e.g.*, *Selbst*, 2006 WL 566450, at *2 ("Certainly, plaintiffs' argument about the strength of the [defendants'] motion to dismiss would not be a basis to lift the stay before the motion is decided."); *In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *1 (noting that Congress had not "created an exception to the PSLRA stay for private securities plaintiffs hoping to exploit simultaneous government investigations"); *380544 Canada, Inc.*, 2007 WL 2049738, at *2  ("[T]he mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay and the documents at issue already have been provided to the SEC and USAO is not sufficient to warrant lifting the stay"); *Sisk*, 2007 WL 1035090, at *4 (same).

13

**CONCLUSION**

Plaintiffs' motion falls far short of establishing the "exceptional circumstances" required to show they will suffer "undue prejudice" if the PSLRA stay is not lifted. Defendants respectfully submit that Plaintiffs' motion to lift the stay should be denied.

Dated: July 7, 2020

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Daniel J. Kramer*

Daniel J. Kramer  (pro hac vice)
Andrew J. Ehrlich (pro hac vice)
William A. Clareman (pro hac vice)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  212-373-3000
Facsimile:  212-373-3990
dkramer@paulweiss.com
aehrlich@paulweiss.com
wclareman@paulweiss.com

-and-

**JENNER & BLOCK LLP**

Dean N. Panos (Il. ARDC #6203600)
Howard S. Suskin (Il. ARDC #6185999)
Gabriel K. Gillett (Il. ARDC #6328233)
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:  312-222-9350
Facsimile:  312-527-0484
dpanos@jenner.com
hsuskin@jenner.com
ggillett@jenner.com

*Attorneys for Defendants The Kraft Heinz Company, Bernardo Hees, Paulo Basilio, David Knopf, Alexandre Behring, George Zoghbi, and Rafael Oliveira*

15

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 7, 2020, I electronically filed the foregoing Memorandum of Law in Opposition to Plaintiffs' Motion for Limited Relief from the PSLRA Discovery Stay with the Clerk of the Court through the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *Daniel J. Kramer*
Daniel J. Kramer