IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| George A. Hedick Jr., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 19-cv-1339 |
| v. | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| | ) | |
| The Kraft Heinz Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiffs' motion [264] to lift the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4, with respect to documents produced by the Defendants in other litigation. For the reasons stated below, the motion is denied without prejudice.

**STATEMENT**

On February 24, 2019, plaintiff George Hedick Jr. filed an initial class action securities complaint [1] in this matter, which eventually became known as *In re Kraft Heinz Securities Litigation*, No. 1:19-cv-1339. Also on February 24, 2019, a notice pursuant to the PSLRA, 15 U.S.C. § 78u–4, was issued. Subsequent class actions on similar grounds were filed, specifically *Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan, et al. v. The Kraft Heinz Co. et al.*, Case No. 19-cv-1845, and *Timber Hill LLC v. The Kraft Heinz Co. et al.*, Case No. 19-cv-2807, which asserted class periods of July 6, 2015 through February 21, 2019. Various potential plaintiffs filed motions to be appointed as lead plaintiffs and consolidate the related class actions. See [40, 46, 49, 52, 57, and 61].

On October 8, 2019, the Court issued an order [149] consolidating the related actions and appointing Sjunde AP-Fonden ("AP7") and Union Asset Management Holding AG ("Union") (together, "Lead Plaintiffs") as Lead Plaintiffs in the Consolidated Action. On January 6, 2020, Lead Plaintiffs and additional named Plaintiff Booker Enterprises Pty Ltd. filed the Consolidated Class Action Complaint. [179.]

Defendants face parallel litigation as well. In this Court, a set of derivative actions was consolidated into *In re The Kraft Heinz Shareholder Derivative Litigation*, Case No. 20-cv-02259, and the Court of Chancery of the State of Delaware has a set of derivative actions consolidated into *In re Kraft Heinz Co. Derivative Litigation*, C.A. No. 2019-0587-AGB (Del. Ch.). Various plaintiffs in the now-consolidated derivative actions issued stockholder inspection demands under

the books and records provision of the Delaware General Corporation Law (8 Del. C. § 220) ("Section 220"), and their complaints referred to some of the materials they received. The consolidated derivative complaint in the Delaware action was originally filed under seal, but Kraft Heinz recently filed an amended version of the complaint that revealed several previously redacted allegations, which refer to documents from the Section 220 production. See [261, at 2].

Plaintiffs in this case assert that the unsealed allegations are relevant to their case and asked for leave to file an amended complaint [see 261], which the Court granted, giving Plaintiffs an August 14, 2020 deadline [see 267]. Plaintiffs then filed a motion seeking relief from the PSLRA discovery stay [264]; specifically, Plaintiffs want Defendants to turn over (i) books and records produced pursuant to demands made under 8 Del. C. § 220, and (ii) unredacted copies of all documents filed under seal in this Court and in the Chancery Court that reference such documents. [265 at 5.]

The PSLRA imposes an automatic stay on discovery while a motion to dismiss is pending. 15 U.S.C. § 78u-4(b)(3)(B). "The purpose of the provision is to curtail abusive litigation—it allows the court to evaluate the plaintiffs' claims before imposing any unreasonable burden on the defendant and it prevents a plaintiff from bringing an action without first possessing the information necessary to satisfy the heightened pleading requirements of the PSLRA and using discovery to obtain that information and resuscitate a complaint that would otherwise be dismissed." *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007); *In re Comdisco Sec. Litig.*, 166 F.Supp.2d 1260, 1263 (N.D. Ill. 2001)). The stay may be lifted, however, if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). As the moving party, Plaintiffs bear the burden of showing that the stay should be lifted. See *Sarantakis v. Gruttaduaria*, 2002 WL 1803750, at *4 (N.D. Ill. Aug. 5, 2002).

The source of disagreement here is whether lifting the stay is necessary to prevent undue prejudice to Plaintiffs; Defendants do not argue that Plaintiffs' request is not particularized, and Plaintiffs do not argue that the request is for the purpose of preserving evidence. The Court finds that Plaintiffs have not shown that discovery is necessary to prevent undue prejudice at this time and that Plaintiffs' request currently is premature.

First, Plaintiffs have not shown that lifting the discovery stay is necessary to prevent undue prejudice, though that concept is somewhat slippery. There is little guidance from the Seventh Circuit on what constitutes "undue prejudice" in this context, and few courts in this district have addressed the issue. But the range of citations in the parties' briefs shows that district courts across the country vary widely in their approaches to the issue, in part because the analysis depends heavily on the facts of the individual cases and those facts vary widely. Courts in this circuit that have addressed § 78u-4(b)(3)(B)'s exception to the discovery stay have described the requirements for lifting the stay as "exceptional circumstances." See, *e.g.*, *Cornielsen*, 916 F.3d at 601; *Selbst v. McDonald's Corp.*, 2006 WL 566450, at *3 (N.D. Ill. Mar. 1, 2006); *Pension Tr. Fund for Operating Engineers v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 914–15 (E.D. Wis.

2

2013); *Sisk v. Guidant Corp.*, 2007 WL 1035090, at *4 (S.D. Ind. Mar. 30, 2007); *Spears v. Metro. Life Ins.*, 2007 WL 1468697, at *4 (N.D. Ind. May 17, 2007).

Plaintiffs claim that they will face undue prejudice if the discovery stay remains in place because they "will be at an informational disadvantage" in litigation and potential settlement discussions and will "face a real risk of falling behind [parallel] cases." [265, at 16.] Even assuming both assertions are true, they do not constitute *undue* prejudice under the PSLRA. Plaintiffs offer no reason that the delay they face in getting discovery is "improper or unfair." See *Sarantakis*, 2002 WL 1803750, at *2 ("'Undue prejudice' has been defined as improper or unfair treatment amounting to something less than irreparable harm.") (citation and internal quotations omitted). Rather, "the prejudice suffered by Plaintiffs is solely that contemplated by Congress when it enacted the PSLRA," *i.e.*, prejudice caused by the delay inherent in the discovery stay. *Sisk*, 2007 WL 1035090, at *3; see also *Sarantakis*, WL 1803750, at *2 ("Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair.") (quoting *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001)). Without more, Plaintiffs' circumstances do not appear exceptional, and Plaintiffs have not shown that lifting the discovery stay is necessary to prevent them from suffering undue prejudice.

For support, Plaintiffs cite *Pension Tr. Fund for Operating Engineers v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013), which lifted a PSLRA discovery stay upon finding undue prejudice caused by the ongoing acquisition of a defendant company by a private equity group and by other ongoing litigation and government investigations against the defendant company. The fact of the acquisition alone is enough to distinguish *Pension Tr. Fund* from the instant case, but the Court also finds the "other litigation" argument unpersuasive. The mere fact that a defendant faces other litigation or investigations, or even that it has produced documents in other matters, does not create undue prejudice for a plaintiff under the PSLRA. See *Sisk*, 2007 WL 1035090, at *4.

Plaintiffs also cite *Singer v. Nicor, Inc.*, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003), which relies on *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), and *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 2002 WL 31845114, (S.D. Tex. Aug. 16, 2002), to conclude that lifting the discovery stay was warranted. But those cases are distinguishable as well. In *WorldCom*, the defendant was in bankruptcy proceedings, settlement discussions were beginning in a matter of months, the lead securities plaintiff "would be severely disadvantaged in those discussions" without discovery, and if the PSLRA stay remained in place, the lead plaintiff "face[d] the very real risk that it [would] be left to pursue its action against defendants who no longer have anything or at least as much to offer." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d at 305–06. *Those* are exceptional circumstances; none of them is present in this case at this time. Nor is *Enron* helpful, as it contains no discussion of *how* lifting the stay would prevent undue prejudice or what facts constituted undue prejudice. While the outcome of the *Enron* decision is what Plaintiffs want here, the case contains no discussion of specific facts or reasoning that this Court can rely on. Neither case, nor *Singer*'s reliance on them, convinces the Court that Plaintiffs have shown that they will face undue prejudice if the discovery stay remains in place.

3

Plaintiffs also make two points that suggest this motion comes too early. The "informational disadvantage" argument says Plaintiffs are prejudiced because they would be in a weaker position in settlement negotiations without the discovery they seek; but no settlement discussions have occurred, or even been scheduled. See [268, at 12.]. Plaintiffs also express concern that parallel cases in which plaintiffs have the Section 220 materials will leave this case behind. But that has not yet happened, as Plaintiffs admit [see 271, at 11], nor does the risk of the other cases overtaking this one seem imminent. Such uncertain future events do not warrant lifting the PSLRA discovery stay. See *Dixon v. Ladish Co.*, 2011 WL 719018, at *2 (E.D. Wis. Feb. 22, 2011) (plaintiff failed to show undue burden when she argued that lifting the discovery stay was necessary because a defendant corporation intended to hold a shareholder vote on a merger but failed to make "any showing that the shareholder vote has a date certain"). Furthermore, much of the parallel litigation is in front of this Court, so *if* other cases risk leaving this one behind, and *if* that creates undue prejudice to Plaintiffs, this Court will likely be well-informed and in a position to remedy the problem quickly.[1]

Finally, Plaintiffs point out that their request is not the kind of discovery abuse that the PSLRA was intended to prevent, and they have a point. The request is for a set of documents that Defendants have already assembled and produced elsewhere, and—according to Plaintiffs' reading of publicly available excerpts—the documents support the charges Plaintiffs have already leveled against Defendants. So this request does not look like a fishing expedition or an attempt to impose costs on Defendants to force a quick settlement.

But appealing to the purpose of the PSLRA cuts the other way too. There is no indication that Congress intended § 78u-4(b)(3)(B) to allow a stay to be lifted so that a plaintiff could buttress its claims in an amended complaint. While the Court does not think that Plaintiffs have any intent to abuse the discovery process, it is also not convinced that the current circumstances are what Congress had in mind when enacting the limited exception to the automatic stay. Giving Plaintiffs the Section 220 materials may not contradict the general purpose of the PSLRA, but at this point it would not serve the purpose of the exception to the automatic stay either.

In sum, because Plaintiffs have not yet shown that lifting the PSLRA discovery stay is necessary to prevent them from suffering undue prejudice, the motion [264] is denied without prejudice.

---

[1] Additionally, Plaintiff sought and received permission to file an amended class action complaint (see [261] and [267]), which is due August 14, 2020. In the forthcoming amended complaint, Plaintiffs intend to rely on the information that they already have from the unsealed derivative complaint. [265, at 12.] Even if filed without the benefit of discovery, the amended complaint may moot the pending motions to dismiss, or prompt Defendants to withdraw the motions, in which case the condition that triggers the PSLRA discovery stay would not exist. Or perhaps Defendants will stand on their motions, or seek to file updated motions to dismiss. It is too early to tell, but there is a possibility that filing an amended complaint may obviate the need to lift the discovery stay, which suggests the current motion to lift the stay is premature.

Dated: July 30, 2020

                                                                                                              _____
Robert M. Dow, Jr.
United States District Judge