# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE KRAFT HEINZ SECURITIES LITIGATION | Case No. 1:19-cv-01339<br><br>The Hon. Robert M. Dow, Jr. |

## DEFENDANTS' MOTION TO SUBMIT NOTICE OF SUPPLEMENTAL AUTHORITY

February 1, 2021

Daniel J. Kramer (*pro hac vice*)
Andrew J. Ehrlich (*pro hac vice*)
William A. Clareman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-373-3990

-and-

Dean N. Panos (Il. ARDC #6203600)
Howard S. Suskin (Il. ARDC #6185999)
Gabriel K. Gillett (Il. ARDC #6328233)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312-222-9350
Facsimile: 312-527-0484

Defendants The Kraft Heinz Company ("Kraft Heinz" or the "Company"), Bernardo Hees, Paulo Basilio, David Knopf, Alexandre Behring, George Zoghbi, and Rafael Oliveira (collectively, "Defendants") respectfully move for leave to advise the Court of a relevant decision issued on January 26, 2021, by the U.S. Court of Appeals for the Ninth Circuit. *See Wochos* v. *Tesla, Inc.*, No. 19-15672, 2021 WL 246210 (9th Cir. Jan. 26, 2021) (attached hereto as Exhibit A). This decision was issued after the parties concluded briefing on Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint (the "Motion") (ECF No. 279).[1]

This decision further supports two arguments in the Motion: (i) that many of the challenged statements, including those about Kraft Heinz being "in line" to exceed expectations or the Company's plans being "on track," are forward-looking statements protected by the safe harbor under the Private Securities Litigation Reform Act ("PSLRA")[2]; and (ii) that Plaintiffs fail to adequately plead loss causation because, among other reasons, Plaintiffs have not alleged that the Company's stock price dropped following the Company's announcements concerning financial restatements in May and June 2019.[3]

In *Wochos*, the complaint alleged that Tesla, Inc. ("Tesla") and two of its officers made false and misleading statements concerning Tesla's progress in building production capacity for its Model 3 vehicle. 2021 WL 246210, at *1-2. The complaint challenged statements such as: "[P]reparations at our production facilities are on track to support the ramp of Model 3 production to 5,000 vehicles per week at some point in 2017." *Id.* at *2. Plaintiffs also

---

[1] Defendants cited the district court decision in their opening brief. *See* Defs.' Opening Br. at 20 (citing *Wochos* v. *Tesla Inc.*, No. 17-cv-5828, 2019 WL 1332395, at *7 (N.D. Cal. Mar. 25, 2019)).
[2] *See* Defs.' Opening Br. at 52-55, Ex. 1 at 6, 9, 17-18, 22; Defs.' Reply Br. at 19-20.
[3] *See* Defs.' Opening Br. at 58-59; Defs.' Reply Br. at 29.

challenged defendants' statements that there were "no issues" that "would prevent" Tesla from achieving this goal. *Id.* at *7.

Affirming the dismissal of the complaint, the Ninth Circuit held that the challenged statements were forward-looking statements protected by the PSLRA safe harbor. *Id.* at *7-9. In doing so, the court rejected plaintiffs' argument that these "predictive statements" were nonetheless actionable because they also "contain[ed] embedded assertions concerning *present* facts." *Id.* at *7. It further rejected the argument that the safe harbor did not apply because the defendants allegedly knew it was impossible for Tesla to meet its goal. *Id.* at *9. The court acknowledged allegations from confidential witnesses that the defendants had been informed that the target was unachievable, yet concluded that the complaint's allegations "do not establish that Defendants . . . *shared* that gloomy view." *Id.* at *9.

The court also affirmed the district court's denial of leave to amend the complaint to include an additional alleged misstatement, holding that amendment would be futile because plaintiffs could not plead loss causation. *Id.* at *12. Although Tesla's stock price fell following the purported correction of the alleged misstatement, the stock price soon rebounded: "The quick and sustained price recovery after the modest . . . drop refutes the inference that the alleged concealment of this particular fact caused any material drop in the stock price." *Id.*

Plaintiffs' arguments in this case are similar to those rejected by the Ninth Circuit in *Wochos*. (*See, e.g.*, Pls.' Opp. Br. at 50-52; 71-72.) For the same reasons, and those stated in Defendants' opening and reply briefs in support of the Motion, Defendants respectfully submit that Plaintiffs' Consolidated Amended Class Action Complaint should be dismissed with prejudice.

| | |
|---|---|
| Dated:  February 1, 2021 | Respectfully submitted,<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br><br>By:  /s/ *Daniel J. Kramer*<br><br>Daniel J. Kramer  (pro hac vice)<br>Andrew J. Ehrlich (pro hac vice)<br>William A. Clareman (pro hac vice)<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:  212-373-3000<br>Facsimile:  212-373-3990<br>dkramer@paulweiss.com<br>aehrlich@paulweiss.com<br>wclareman@paulweiss.com<br><br>-and-<br><br>**JENNER & BLOCK LLP**<br><br>Dean N. Panos (Il. ARDC #6203600)<br>Howard S. Suskin (Il. ARDC #6185999)<br>Gabriel K. Gillett (Il. ARDC #6328233)<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>Telephone:  312-222-9350<br>Facsimile:  312-527-0484<br>dpanos@jenner.com<br>hsuskin@jenner.com<br>ggillett@jenner.com<br><br>*Attorneys for Defendants The Kraft Heinz Company, Bernardo Hees, Paulo Basilio, David Knopf, Alexandre Behring, George Zoghbi, and Rafael Oliveira* |

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021 I electronically filed the foregoing Motion to Submit Notice of Supplemental Authority with the Clerk of the Court through the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *Daniel J. Kramer*
Daniel J. Kramer