**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE KRAFT HEINZ SECURITIES LITIGATION | Case No. 1:19-cv-01339 |
| | Honorable Robert M. Dow Jr. |

**JOINT INITIAL STATUS REPORT**

Lead Plaintiffs Sjunde AP-Fonden and Union Asset Management Holding AG, additional named Plaintiff Booker Enterprises Pty Ltd. (collectively, "Plaintiffs"), and Defendants (defined below) (together, the "Parties"), by and through their respective counsel, have met and conferred and submit the following joint initial status report pursuant to the Court's Order (ECF No. 313):

I.      **ATTORNEYS FOR EACH PARTY:** The Parties refer to the signature block for the names, addresses, phone numbers, and e-mail addresses for each attorney in this matter.

II.     **JURISDICTION:** The claims asserted arise under Sections 10(b), 20(a), and 20A of the Securities Exchange Act ("Exchange Act") (15 U.S.C. §§ 78j(b), 78t(a), and 78t-1), and SEC Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The Court's subject matter jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1337, and § 27 of the Exchange Act (15 U.S.C. § 78aa).

III.    **NATURE OF THE CLAIMS:**

**Plaintiffs' Statement:** This is a securities fraud class action brought on behalf of all persons and entities who purchased or otherwise acquired common stock or call options of the Kraft Heinz Company ("Kraft Heinz" or the "Company") from November 5, 2015 to August 7, 2019, inclusive (the "Class Period"). Plaintiffs allege in their consolidated amended complaint (the "Complaint") that Defendants (i) Kraft Heinz, (ii) Brazilian private equity firm 3G Capital Partners and its affiliates[1] ("3G"), and (iii) the "Executive Defendants" (Kraft Heinz CEO Bernardo Hees, CFO Paulo Basilio, former CFO David Knopf, COO George Zoghbi, International Zone President Rafael Oliveira, and Board Chairman Alexandre Behring) violated Section 10(b) of the Exchange Act by issuing materially false or misleading statements to investors during the Class Period. Plaintiffs also allege that Defendants 3G and the Executive Defendants violated

---

[1] Inclusive of the following affiliated funds and business entities: 3G Capital, Inc. (a Delaware corporation); the Cayman Islands business entities 3G Global Food Holdings, L.P.; 3G Global Food Holdings GP LP; 3G Capital Partners LP; 3G Capital Partners II LP; and 3G Capital Partners Ltd.

Section 20(a) of the Exchange Act as control persons of Defendant Kraft Heinz, a primary violator of the Exchange Act.  In addition, Plaintiffs allege that Defendant 3G sold $1.2 billion in Kraft Heinz common stock while in possession of material, nonpublic information (MNPI), in violation of Section 20A of the Exchange Act. On August 11, 2021, the Court denied in their entirety Defendants' motions to dismiss.  ECF No. 310.

**Defendants' Statement:**  The Complaint was filed after the value of the Kraft Heinz stock dropped following the February 2019 announcement that Kraft Heinz was taking a $15.4 billion impairment charge to the value of several of its brands and reporting units.  The Complaint contends that because the Company's results ultimately disappointed, Defendants' earlier, optimistic statements were knowingly false or misleading, and that an impairment should have been disclosed sooner.  Kraft Heinz and the Executive Defendants deny that they made any false or misleading statements of material fact, and deny that they acted with scienter.  3G and the Executive Defendants deny that they are liable as control persons, and 3G further denies that it sold Kraft Heinz common stock while in possession of material, nonpublic information.  Defendants further assert that Plaintiffs cannot satisfy the requirements for certification of a class under Federal Rule of Civil Procedure 23 and respectfully refer the Court to their Answers for a more complete recitation of Defendants' defenses.  *See* ECF Nos. 325-26.

**IV.    RELIEF SOUGHT:** Plaintiffs seek certification of a Class under Fed. R. Civ. P. 23(b) and an award of damages in favor of Plaintiffs and the other putative Class members against all Defendants, jointly and severally, for all damages sustained because of Defendants' alleged wrongdoing, in an amount to be proven at trial, including interest thereon, as well as an award of reasonable costs and expenses incurred in this action, including their attorneys' fees and expenses. Defendants seek the denial of the relief sought in the Complaint, the denial of class certification,

an award of Defendants' costs and expenses, including counsel and expert fees, and such other and

further relief as the Court may deem just and proper.

**V.    SERVICE:** All parties have been properly served.

**VI.   THE PRINCIPAL LEGAL AND FACTUAL ISSUES:**

1) Whether Plaintiffs' allegations against Defendants, if proven, constitute a violation of Section 10(b) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder;

2) Whether Defendants' public statements contained an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

3) Whether Defendants acted with the requisite state of mind in omitting and/or misrepresenting any material facts in documents filed with the SEC, press releases, and other public statements;

4) Whether any material misrepresentations or omissions alleged by Plaintiffs artificially inflated or maintained the market price of Kraft Heinz common stock or call options during the Class Period;

5) Whether the putative Class members have sustained damages and, if so, the appropriate measure thereof;

6) Whether any Defendant has control person liability under Section 20(a);

7) Whether Plaintiffs' allegations against Defendant 3G, if proven, constitute insider trading in violation of Sections 10(b) and 20A of the Exchange Act, and Rule 10b-5 promulgated thereunder; and

8) Whether this action can satisfy the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for certification of the Class.

**VII.  PENDING MOTIONS:** There are no pending motions.

**VIII. WHETHER A JURY TRIAL HAS BEEN DEMANDED BY ANY PARTY:** Plaintiffs

have demanded a jury trial.

**IX.   STATUS OF INITIAL DISCOVERY:** The Parties exchanged Rule 26(a) initial

disclosures on October 29, 2021.  There are currently no unresolved issues for those disclosures.

**X.    STATUS OF DISCOVERY AND PROPOSED SCHEDULE:** The Parties have agreed

that discovery in this case will exceed the limits set by the Federal Rules of Civil Procedure.  The

Parties have agreed to meet and confer on appropriate limits for interrogatories and depositions. The Parties have stipulated and agreed, subject to the Court's approval, to the pre-trial schedule set forth in Appendix 1 to this status report.

Plaintiffs have served discovery requests on Defendants. Defendants have agreed to produce, but have not yet fully produced: (1) all documents previously produced in connection with the SEC's and DOJ's investigations (the "Government Productions"); (2) all documents produced in related private litigation; and (3) documents sufficient to provide the parameters of the search and productions Defendants performed in connection with the Government Productions.

## XI.    SUMMARY OF DISCOVERY SOUGHT:[2]

**Plaintiffs' Response:** At present, Plaintiffs anticipate that they will need discovery on:

- Kraft Heinz's financial projections and actual results throughout the Class Period, including COGS, earnings, and goodwill, including any actual or contemplated goodwill impairment charge and assessment methodology;

- Kraft Heinz's cost cutting measures, including their impact on, e.g., the Company's supply chain, brand value, relationships with customers, and core business functions;

- The nature, substance, timing, and preparation of the alleged false and misleading statements and corrective disclosures;

- 3G's involvement in Kraft Heinz's affairs, including its due diligence prior to the merger, Board meetings concerning Kraft Heinz, and transactions in Kraft Heinz securities;

- Any merger, acquisition, or other business combination Kraft Heinz considered during the Class Period, including any business combination involving Unilever;

- Investigations by any governmental authority concerning the facts described in the Complaint;

- Defendants' knowledge or recklessness with respect to the above;

- Whether Defendants' alleged misstatements and omissions caused Plaintiffs' losses;

- The appropriate measure of damages;

---

[2] The Parties reserve the right to seek discovery on any additional topics as necessary and reserve all objections to any discovery that other parties may serve.

- Whether Defendants were controlling persons of Defendant Kraft Heinz; and

- Whether Defendants 3G sold Kraft Heinz securities while in possession of material nonpublic information.

  **Defendants' Response:** At present, Defendants anticipate that they will need discovery on at least the following topics:

- Communications with third parties concerning Kraft Heinz or the matters alleged in the Complaint, including the purported confidential witnesses referenced in the Complaint;

- Whether Plaintiffs and the putative Class satisfy the requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and adequacy;

- Plaintiffs' transactions in Kraft Heinz securities, including the timing of the transactions and the class of securities comprising the transactions;

- Plaintiffs' reliance on Defendants' statements alleged to be false or such reliance by any investment advisor of Plaintiffs;

- Plaintiffs' calculation and analysis of potential damages and whether any alleged corrective disclosures caused any of Plaintiffs' alleged losses;

- The compensation Plaintiffs expect to receive for serving in this action, any agreements between or among Plaintiffs and any putative Class member or between and among Plaintiffs and their counsel, and the source of funds used or to be used in prosecuting this action; and

- The factual allegations in the Complaint and all documents referenced, quoted, or relied upon in preparing the Complaints or concerning Plaintiffs' claims.

**XII. TRIAL:** Plaintiffs expect the case to be trial-ready by December 2023, given that summary judgment will be fully briefed by September 2023. Plaintiffs expect the trial to take four weeks. Defendants do not believe that it is reasonably ascertainable at this stage when the case will be trial-ready or how long trial will take.

**XIII. CONSENT TO MAGISTRATE JUDGE:** The Parties consent to proceed before a Magistrate Judge on discovery issues only.

**XIV. THE STATUS OF ANY SETTLEMENT DISCUSSIONS:** The Parties have agreed to engage with a private mediator and have initiated talks to schedule mediation for 1Q 2022.

5

Dated: November 8, 2021

Respectfully submitted,

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Salvatore Graziano (*pro hac vice*)
Katherine M. Sinderson (*pro hac vice*)
Abe Alexander (*pro hac vice*)
Jesse L. Jensen (*pro hac vice*)
Benjamin W. Horowitz (*pro hac vice*)
Nicole Santoro (*pro hac vice pending*)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
salvatore@blbglaw.com
katiem@blbglaw.com
abe.alexander@blbglaw.com
jesse.jensen@blbglaw.com
will.horowitz@blbglaw.com
nicole.santoro@blbglaw.com


-and-


**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Avi Josefson (#6272453)
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Telephone: (312) 373-3880
avi@blbglaw.com

*Counsel for Co-Lead Plaintiff Union and*
*Co-Lead Counsel for the Class*

**KESSLER TOPAZ MELTZER**
  **& CHECK, LLP**
Sharan Nirmul (#90751)
Richard A. Russo, Jr.
Joshua A. Materese (#314844)
Alex B. Heller
Austin W. Manning
Kevin E.T. Cunningham, Jr.
Helen J. Bass
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*/s/ Andrew J. Ehrlich*
**JENNER & BLOCK LLP**
Dean N. Panos (Il. ARDC # 6203600)
Howard S. Suskin (Il. ARDC # 6185999)
Gabriel K. Gillett (Il. ARDC # 6328233)
353 N. Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Email: hsuskin@jenner.com
dpanos@jenner.com
ggillett@jenner.com

*Local counsel for Defendants The Kraft*
*Heinz Company, Bernardo Hees, Paulo*
*Basilio, David H. Knopf, Alexandre Behring,*
*George Zoghbi, and Rafael Oliveira*

**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
Daniel J. Kramer (*pro hac vice*)
Andrew J. Ehrlich (*pro hac vice*)
William A. Clareman (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Email: dkramer@paulweiss.com
aehrlich@paulweiss.com
wclareman@paulweiss.com

*Counsel for Defendants The Kraft Heinz*
*Company, Bernardo Hees, Paulo Basilio,*
*David H. Knopf, Alexandre Behring, George*
*Zoghbi, and Rafael Oliveira*


*/s/ Kevin M. Neylan, Jr.*
**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein (*pro hac vice*)
Stefan Atkinson (*pro hac vice*)
Kevin M. Neylan, Jr. (*pro hac vice*)
601 Lexington Avenue
Telephone: (212) 446-4800
New York, NY 10022
Email: sandra.goldstein@kirkland.com

Facsimile: (610) 667-7056
snirmul@ktmc.com
rrusso@ktmc.com
jmaterese@ktmc.com
aheller@ktmc.com
amanning@ktmc.com
kcunningham@ktmc.com
hbass@ktmc.com

-and-

**KESSLER TOPAZ MELTZER
    & CHECK, LLP**
Jennifer L. Joost (*pro hac vice* motion
forthcoming)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
jjoost@ktmc.com

*Counsel for Co-Lead Plaintiff AP7 and
Additional Plaintiff Booker, and
Co-Lead Counsel for the Class*

Brenton A. Rogers
300 North Lasalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Email: brogers@kirkland.com

*Counsel for Defendant 3G Capital Partners,
3G Capital, Inc., 3G Global Food Holdings,
L.P., 3G Global Food Holdings GP LP, 3G
Capital Partners LP, 3G Capital Partners II
LP, 3G Capital Partners Ltd.*

7