# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE KRAFT HEINZ SECURITIES LITIGIGATION | Case No. 1:19-cv-01339<br><br>Judge Robert M. Dow Jr.<br><br>Magistrate Judge Maria Valdez |

### MEMORANDUM OF LAW IN SUPPORT OF THE KRAFT HEINZ DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM UNION ASSET MANAGEMENT HOLDING AG

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, The Kraft Heinz Company ("Kraft Heinz"), Paulo Basilio, Alexandre Behring, Bernardo Hees, David Knopf, Rafael Oliveira, and George Zoghbi (collectively, the "Kraft Heinz Defendants") move the Court for an order compelling Lead Plaintiff Union Asset Management Holding AG ("Union") to produce documents and information regarding all Union funds that bought or sold Kraft Heinz common stock or options during the Class Period, and that the class certification record be held open for 30 days following the production of such documents to allow the Kraft Heinz Defendants to take additional deposition testimony and supplement the record as appropriate.

### INTRODUCTION

This is a putative class action concerning alleged securities fraud by Kraft Heinz, yet Union, a court-appointed Lead Plaintiff, refuses to produce information about its analysis of—and even its trading in—Kraft Heinz common stock or options by certain of its funds and portfolio managers. Union's sole justification for this untenable position is that Lead Counsel (as defined below)—for reasons that it has shrouded in attorney-client privilege and refuses to disclose—curated which of Union's purchases and sales of Kraft Heinz common stock are "at

1

issue" in the case, and which are not. Union's failure to provide this discovery by this stage is entirely improper, and it should be compelled to provide that information.

Union cannot shield its analysis of and transactions in Kraft Heinz securities simply by unilaterally deciding which trades are "in" and which trades are "out" of the case. That would permit manipulation of the litigation process and should not be countenanced. Consider, for example, if one of Union's several investment funds undertook transactions inconsistent with the theory of Plaintiffs' case—say, it shorted Kraft Heinz stock. Or consider whether certain Union portfolio managers performed analysis supporting Kraft Heinz's defenses—say, acknowledging that information Plaintiffs contend was wrongfully concealed was in fact disclosed to the market. This knowledge on the part of Union employees would be imputable to Union; indeed, Union's corporate representative testified that Union portfolio managers share research. And this information would unquestionably be relevant to Union's adequacy and typicality as a class representative, including its ability to avail itself of the fraud-on-the-market presumption. Setting aside the propriety of counsel determining that a lead plaintiff in a class action will pursue securities fraud claims on behalf of some trades, and not others—an issue not presented by this motion—counsel certainly cannot then use that litigation-driven decision to shield from discovery information that is relevant and potentially damaging to Union's case.

It emerged only on the very eve of the conclusion of class certification discovery—at the Rule 30(b)(6) deposition of a Union representative—that Union's counsel, Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel"), hand-selected 22 Union-managed funds for inclusion in the so-called "Lead Plaintiff group." Union contends that the Kraft Heinz Defendants should have been aware that its counsel hand-picked the funds that seek damages on its Kraft Heinz shares, and that others would be shielded even from discovery, on the basis of

highly opaque statements in its general objections to the Kraft Heinz Defendants' document requests. As demonstrated below, these statements are unclear at best. While Lead Counsel has, in the past week, suggested that Union *may* be willing to provide transaction information from other Union funds, Union has not committed to that position and cannot provide any timeline to even make such a decision. Union also continues to refuse to provide full discovery regarding those additional funds to which the Kraft Heinz Defendants are entitled.

Federal Rule of Civil Procedure 26(b) plainly allows discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Union cannot refuse to provide *full* discovery regarding *all* its funds that bought or sold Kraft Heinz common stock or options during the Class Period, and *all* of the analysis of Kraft Heinz common stock by *all* of its portfolio managers. This discovery is central to Union's claims that it is an adequate and typical class representative, as well as to the merits of Union's claims and the Kraft Heinz Defendants' efforts to rebut Union's alleged reliance.

In light of Union's refusal to provide adequate discovery, the Kraft Heinz Defendants request: (1) that Union be ordered to produce promptly the discovery responsive to the Kraft Heinz Defendants' Requests for Production Nos. 4–15, 20, 24, and 36–44 and Interrogatory Nos. 2, 3, 5, and 6 for *all* of its funds that bought or sold Kraft Heinz common stock or options during the Class Period; and (2) that the class certification record be held open until 30 days following completion of production of such documents to allow the Kraft Heinz Defendants to take additional deposition testimony and supplement the record as appropriate.

## BACKGROUND

I. **Union's Written Discovery Responses Did Not Disclose That Counsel Cherry-Picked Which Funds Would Participate in This Case**

On November 15, 2021, the Kraft Heinz Defendants served their First Set of Interrogatories (the "Interrogatories"), Ex. A,[1] and First Request for Production of Documents (the "First Requests"), Ex. B, on Union, Sjunde AP-Fonden ("AP7"), and Booker Enterprises Pty Ltd. (collectively, "Plaintiffs"). On December 15, 2021, Plaintiffs served their Responses and Objections to the First Requests, Ex. C, and Interrogatories, Ex. D. Plaintiffs' written responses did not make clear that Union was excluding the activities of certain Union-managed funds from discovery.

Rather, included in Plaintiffs' Responses and Objections to the First Requests—for all three of the representative plaintiffs—was a general objection that "Plaintiffs' agreement to search for and produce documents responsive to the Requests should be understood as an agreement to conduct a reasonable search, including searches related to the transactions and securities at issue in this Action for the funds that assigned their claims to Plaintiffs." Ex. C at 4. In response to many of the First Requests, where Plaintiffs agreed to produce documents, Plaintiffs stated that they would produce documents relating to transactions "in Kraft Heinz common stock or options at issue in this case." *See, e.g.*, *id.* at 8–16.[2] The Responses and Objections did not state that other Union funds *also* traded in Kraft Heinz stock or options, but that those trades were *not at issue* in this case because Lead Counsel excluded them for tactical reasons. Rather, the ordinary reading was that Union was producing documents relating to its

---

[1] Citations to "Ex. __" refer to exhibits to the Declaration of Alison R. Benedon in support of the Kraft Heinz Defendants' Motion to Compel Discovery from Union Asset Management Holding AG.

[2] Plaintiffs' Responses and Objections to the Interrogatories contained a nearly identical general objection. *See* Ex. D at 3.

trades in Kraft Heinz stock or options, but not its trades of other Kraft Heinz securities, like bonds.

Plaintiffs moved for class certification on March 28, 2022. (ECF No. 346.) Also on March 28, 2022, the Kraft Heinz Defendants noticed Union's Rule 30(b)(6) deposition for April 26, 2022. *See* Ex. E. At the parties' request, the Court extended the then-current deadline for Defendants to complete taking class certification discovery of Plaintiffs of April 28, 2022 to May 5, 2022, to accommodate the scheduling of Union's Rule 30(b)(6) deposition on May 4, 2022. (ECF No. 349.) Despite the parties' agreement that each party would "make reasonable efforts to complete production" for each deponent at least 21 days prior to the deposition, *see* Ex. F at 5, Union produced thousands of pages of significant German language documents less than two weeks before Union's May 4, 2022 deposition, including a particularly important production of policy documents less than 48 hours before the deposition.

In the course of its document production, on April 25, 2022, Lead Counsel advised that "Union . . . prepared a spreadsheet listing the relevant trades, which we attach here." Ex. G at 2. The referenced spreadsheet contained information concerning the purchases and sales of Kraft Heinz common stock by 22 Union-managed funds. In an April 28, 2022 email, Lead Counsel further described the spreadsheet as "summarizing all of Union's relevant trading." Ex. H at 1.

**II.     Union's Corporate Designee Reveals That Union Shielded from Discovery the Activities of Funds Not Hand-Selected by Lead Counsel**

Union designated two corporate designees, Dr. Carsten Fischer and Jochen Riechwald, both of whom were deposed on May 4, 2022. In advance of the depositions, Union served Responses and Objections to the 30(b)(6) notice, which contained the same general objection that "Lead Plaintiff's agreement to provide testimony in accordance with the Notice should be

5

understood as an agreement to provide testimony related to the transactions and securities at issue in this Action for the funds that assigned their claims to Lead Plaintiff." Ex. I at 4.

During the depositions, it became apparent that Union had limited discovery to only those 22 Union-managed funds that had assigned their claims to Union, but that other Union-managed funds may have transacted in Kraft Heinz common stock or options during the relevant time period. Ex. J at 18:15–26:8. In particular, Mr. Riechwald testified that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 29:19–30:8. Mr. Riechwald confirmed that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 30:20–31:7. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 110:11–23. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 111:17–112:8. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 112:9–113:6. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 113:8–22.

Following the depositions, in a May 5, 2022 email, the Kraft Heinz Defendants explained that "[w]hether or not Union arbitrarily seeks to exclude trading activity not 'at issue in this case,' whatever that may mean, does not excuse the proposed class representative—which is Union Asset Management Holding AG, not the [22] individual funds . . . —from complying with its discovery obligations and producing information about <u>all</u> trading in Kraft Heinz common stock or options during the relevant period of time." Ex. K. Having learned that Lead Counsel has access to all of Union's trading data, the Kraft Heinz Defendants further asked that Union advise by close of business the following day "whether any other of Union's funds . . . bought or sold Kraft Heinz common stock or options" during the relevant period of time. *Id.*

By email on May 6, 2022, Union declined to provide the requested information. Lead Counsel pointed to the opaque language in Union's discovery responses that provided that Union would search for and produce documents or information related to "the transactions and securities at issue in this Action for the funds that assigned their claims to Plaintiffs." Ex. L at 1. Lead Counsel further explained that "Union," the proposed class representative, "did not trade a single share of Kraft Heinz stock, bonds, options, or any other securities. None of Union's trading was withheld from discovery because there is no such trading. Instead, distinct and separate funds—with distinct and separate investors—traded in Kraft Heinz securities and are alleged to have suffered damages." *Id.* at 1–2. Lead Counsel further stated that Union's separate funds "do not share in the gains or losses of every other fund" and therefore "cannot somehow be aggregated together." *Id.* at 2. As such, Lead Counsel stated that the Kraft Heinz Defendants were "not entitled to discovery on separate and distinct funds that have not assigned or asserted claims in this litigation." *Id.* This highly formalistic view of Union's relationship to its funds is contrary to the testimony by Union's Rule 30(b)(6) witness that *Union's counsel* monitors and

7

has access to all trades by all funds, and chose which funds and trades would be included and which would be excluded from assignment to Union in this case.

**III.    The Kraft Heinz Defendants Serve Additional Discovery Requests to Union and the Parties Meet and Confer**

Union's belated document productions and the deposition testimony of its Rule 30(b)(6) designees made clear that Union's production in response to the First Requests was incomplete in many respects, including with respect to the artificial limitation on which trading activity would be produced.  On May 18, 2022, the Kraft Heinz Defendants served a Second Request for Production of Documents to Union (the "Second Requests"), which sought, among other things, the trading data improperly excluded from Union's production in response to the First Requests, as well as trading research and investment committee guidance provided to Union's various portfolio managers.  *See* Ex. M.  In an effort to obtain discovery concerning *all* Union-managed funds that bought or sold Kraft Heinz common stock or options during the Class Period—not just the 22 funds that Lead Counsel had hand-picked for inclusion in the Lead Plaintiff group—the Second Requests expressly defined "Union" to mean "Union Asset Management Holding AG, its direct and indirect subsidiaries, including, but not limited to, UIL, UIN, and UIP, and any fund managed by Union or its direct and indirect subsidiaries." *Id.* at 4.

Union served its Responses and Objections on June 17, 2022.  *See* Ex. N.  Union objected to the definition of "Union" as overly broad and unduly burdensome, and interpreted it to mean "the funds that assigned their claims to Lead Plaintiff in this Action." *Id.* at 2–3.

On May 30, 2022, the parties held a telephonic meet and confer call regarding deficiencies in Union's Responses and Objections to the Second Requests, and more generally, regarding Union's limitation on all of its discovery requests to the 22 Union-managed funds selected by Lead Counsel.  During the meet and confer call, Lead Counsel stated that they would

reassess whether to provide discovery regarding additional Union-managed funds that traded in Kraft Heinz stock or options during the Class Period. In a letter memorializing the meet and confer call, the Kraft Heinz Defendants asked that Plaintiffs advise by July 8, 2022 whether the parties were at an impasse on this issue. Ex. O at 2–3. On July 8, Lead Counsel noted that they were "still conferring internally" regarding the requested discovery. Ex. P at 1.

On July 12, 2022, Lead Counsel informed the Kraft Heinz Defendants that they would recommend that Union produce additional trading data for Union-managed funds and portfolio managers that bought or sold Kraft Heinz stock or options. *See* Ex. Q at 3. The Kraft Heinz Defendants asked Lead Counsel to confirm that the recommendation encompassed not just trading data, but also emails, research, and the other requested discovery from those additional portfolio managers. *Id.* The Kraft Heinz Defendants also asked for confirmation that Lead Counsel would consent to the filing of a sur-reply in further opposition to Plaintiffs' class certification motion in light of the additional discovery. *Id.* Lead Counsel advised that the recommendation to Union did not extend to these additional points. *Id.* Lead Counsel also could not confirm whether Union would consent to the request for additional trading data, or that the data would in fact be produced. *Id.* at 1–2. Nor could Lead Counsel provide any timetable for reaching a decision, much less producing the data. *Id.* Due to Lead Counsel's inability to provide any assurance that the discovery would be forthcoming, or a timetable for producing it even if Union agreed, and continued refusal to provide additional email and other document discovery regarding these additional portfolio managers and funds, on July 15, 2022, the Kraft Heinz Defendants advised Lead Counsel that they would proceed with the instant motion to compel. *Id.* at 2.

In sum, Union has either flatly refused to provide—or has failed to provide any assurances regarding what would be produced or when—the following discovery concerning its other funds that bought or sold Kraft Heinz common stock or options during the Class Period, all of which is relevant and appropriate:

- Transaction information for Union's purchases and sales of Kraft Heinz common stock and options, documents reflecting Union's decision-making for the same, and documents concerning Union's monitoring of its investment in Kraft Heinz stock or options (Request Nos. 4–6, 8, 12, 15; Interrogatory No. 5);

- The identities of all persons who participated in any way in Union's decisions to purchase or sell Kraft Heinz common stock or options, and documents reflecting communications with those persons concerning Kraft Heinz (Request Nos. 9, 10, 24; Interrogatory Nos. 2, 3, 6);

- Documents reflecting Union's investment policies, procedures, and philosophies (Request No. 13);

- Documents concerning any investment funds that held Union's investment in Kraft Heinz common stock or options (Request No. 14);

- Documents reflecting research pertaining to Kraft Heinz prepared by Union's portfolio managers and its designated analyst(s) for Kraft Heinz (Request Nos. 7, 11, 40, 41);

- Spreadsheets or models used by Union's portfolio managers in managing Union's funds that bought or sold Kraft Heinz stock or options (Request No. 42);

- Communications between Union's portfolio managers and the trading desk responsible for executing trades in Kraft Heinz (Request No. 43); and

- Trade confirmations reflecting Union's purchases and sales of Kraft Heinz stock or options (Request No. 44).

## **ARGUMENT**

Under Federal Rule of Civil Procedure 26(b), a party may obtain discovery regarding any "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts have recognized "the broad relevance standard of Rule 26." *Outley* v. *City of Chicago*, 2021 WL 4789026, at *5 (N.D. Ill. Jan. 5, 2021). Furthermore, "[i]f the discovery is relevant, the party objecting to a discovery request

bears the burden of showing why the request is improper." *Lucas-Milhaupt, Inc.* v. *Bellman-Melcor, LLC*, 2012 WL 10261956, at *1 (N.D. Ill. May 15, 2012) (Valdez, M.J.).

I.  **The Kraft Heinz Defendants Are Entitled to Discovery Concerning All of Union's Trading in and Analysis of Kraft Heinz During the Class Period**

Plaintiffs have improperly limited their responses to the Kraft Heinz Defendants' discovery requests to 22 of Union's funds that Lead Counsel has selected as "at issue" in the case, and have refused to respond to the Kraft Heinz Defendants' requests for documents relating to other Union funds that traded in Kraft Heinz common stock or options during the Class Period. But information concerning Union's other funds that transacted in Kraft Heinz bears on numerous issues in this case and is discoverable under Rule 26(b)(1).

The disputed discovery is highly relevant to whether Union is an adequate and typical class representative. Defendants' opposition to Plaintiffs' class certification motion detailed the particularities of the trading strategies employed by Union's 22 funds and argued that the trading that has already been disclosed subjected Union to unique defenses and would distract from class-wide issues. (ECF No. 360 at 22–27.) Further discovery regarding additional Union funds may strengthen this argument and further subject Union to "unique inquiries regarding their trading patterns and why they made investment decisions" as well as whether the alleged fraud "was in fact irrelevant to their purchasing and sale decisions." *See George* v. *China Auto Sys., Inc.*, 2013 WL 3357170, at *7 (S.D.N.Y. July 3, 2013) (denying class certification where named plaintiffs' trading patterns subjected them to unique inquiries).

Further, Union's Rule 30(b)(6) designees testified regarding Union's proprietary, confidential research, which all of Union's portfolio managers are free to share—not just the portfolio managers for the 22 funds—and upon which Union funds attempt to beat the market. *See, e.g.*, Ex. J at 65:18–25 (Union's portfolio managers ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11

█████████████████████). As such, what other portfolio managers knew about Kraft Heinz at any given time, and how that translated into trading decisions, is highly relevant, including with respect to the trading decisions of even the 22 funds already at issue. As noted earlier, to the extent that certain Union-managed funds engaged in trading behavior inconsistent with Plaintiffs' theory of the case, that would be highly probative of whether Union is an adequate or typical class representative.

The disputed discovery is also relevant to whether Union may avail itself of the fraud-on-the-market presumption. In *Basic Inc.* v. *Levinson*, the Supreme Court made clear that "an investor's reliance on any public material misrepresentation . . . may be presumed" in a fraud-on-the-market case, but that this presumption can be rebutted by "[a]ny showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at fair market price." 485 U.S. 224, 242, 248 (1988). In particular, "if a defendant could show that the alleged misrepresentation did not, for whatever reason, actually affect the market price, or that a plaintiff would have bought or sold the stock even had he been aware that the stock's price was tainted by fraud, then the presumption of reliance would not apply." *Halliburton Co.* v. *Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2408 (2014). Plaintiffs have pursued this case under a fraud-on-the-market theory, and have argued that the presumption of reliance applies here. Compl. ¶¶ 549–50; Plts. Class Cert Br. at 15. The only way to determine the basis for Union's trading is to take discovery regarding what Union knew about Kraft Heinz when it bought or sold Kraft Heinz stock or options. There is no basis for limiting that inquiry to just the portfolio managers of the 22 funds that Lead Counsel selected for participation in this case when it is Union—the parent company of many more funds that may

have bought or sold Kraft Heinz stock for any number of reasons—that is the proposed class representative.

Additionally, Union's Rule 30(b)(6) designees testified that Lead Counsel has access to all of Union's trading information, and should be able to determine which other of Union's funds bought or sold Kraft Heinz stock or options during the class period—a fact that would undermine any potential assertion that this additional discovery is disproportionately burdensome.

## II. The Class Certification Record Should Be Held Open so That the Court May Consider Improperly Withheld Information if Necessary

Because Plaintiffs concealed the fact that there apparently are other Union-managed funds that bought or sold Kraft Heinz stock or options during the Class Period, the Kraft Heinz Defendants were unable to pursue resolution of this dispute until now. "The key to providing both objections and production in the same breadth is to expressly state what the responding party is producing and/or withholding." *G.M. Sign, Inc.* v. *Groupe Cirque du Soleil, Inc.*, 2011 WL 13383226, at *2 (N.D. Ill. May 17, 2011) (Valdez, M.J.). "If [the Plaintiffs] produce only documents they deem relevant but are not fully responsive to the request, then they must state that fact in their response." *Id.* Here, Union's limitation on discovery to just those 22 funds that counsel had hand-selected was not clearly articulated until Union's Rule 30(b)(6) deposition.

The general objection stating that any agreement to produce documents "should be understood as an agreement to conduct a reasonable search, *including searches related to the transactions and securities at issue in this Action for the funds that assigned their claims to Lead Plaintiff*," *see, e.g.*, Ex. C at 4 (emphasis added), is opaque at best. There is no information provided suggesting that any funds existed that had *not* assigned their claims to Union. And, even if the Kraft Heinz Defendants should have divined that there were other funds that traded in Kraft Heinz securities but had not assigned their claims, the use of the word "including" does not

13

suggest in any way that Plaintiffs' search for documents would be limited to only those funds. In fact, it suggests the opposite—that the search would be broader than just those funds that assigned their claims to Lead Plaintiff. In other words, Union's objection was precisely the type of "unclear response" that "unnecessarily reeks of a hide-and-seek approach that is counterintuitive to a broad discovery mandate." *G.M. Sign, Inc.*, 2011 WL 13383226, at *2.

Discovery regarding *all* Union-managed funds that bought or sold Kraft Heinz is directly relevant to class certification. As demonstrated above, to the extent that the portfolio managers responsible for making the trades that Lead Counsel has decided should be "at issue" had access to research or information inconsistent with the allegations of the Complaint, that calls into question Union's typicality or adequacy. As such, the Kraft Heinz Defendants request that the class certification record be held open until 30 days after Union produces additional discovery, and that this Court authorize the Kraft Heinz Defendants to re-open Union's Rule 30(b)(6) deposition if appropriate, and file supplemental briefing in opposition to Plaintiffs' class certification motion concerning the implications of the newly produced information, should it prove necessary.

## CONCLUSION

For the foregoing reasons, the Court should grant the Kraft Heinz Defendants' motion to compel discovery as to all Union funds that bought or sold Kraft Heinz stock or options during the class period, and require Union to respond substantively to the Kraft Heinz Defendants' Requests for Production Nos. 4–15, 20, 24, and 36–44 and Interrogatory Nos. 2, 3, 5, and 6 as to such funds; and to allow the Kraft Heinz Defendants the ability to supplement the class certification record no later than 30 days following the completion of such production.

Dated: July 18, 2022

Respectfully submitted,

*/s/ William A. Clareman*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Daniel J. Kramer (*pro hac vice*)
Andrew J. Ehrlich (*pro hac vice*)
William A. Clareman (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
dkramer@paulweiss.com
aehrlich@paulweiss.com
wclareman@paulweiss.com
abenedon@paulweiss.com

-and-

**JENNER & BLOCK LLP**
Howard S. Suskin (Il. ARDC # 6185999)
Dean N. Panos (Il. ARDC # 6203600)
Gabriel K. Gillett (Il. ARDC # 6328233)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
hsuskin@jenner.com
dpanos@jenner.com
ggillett@jenner.com com

*Counsel for Defendants The Kraft Heinz Company, Bernardo Hees, Paulo Basilio, David H. Knopf, Alexandre Behring, George Zoghbi, and Rafael Oliveira*