UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE KRAFT HEINZ SECURITIES LITIGATION

Case No. 1:19-cv-01339

Honorable Jorge L. Alonso

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Kraft Heinz Corporation Securities Litigation*, Case No. 1:19-cv-01339 (the "Action");

WHEREAS, (a) Court-appointed Lead Plaintiffs Sjunde AP-Fonden and Union Asset Management Holding AG, and additional named Plaintiff Booker Enterprises Pty Ltd. (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants The Kraft Heinz Company ("Kraft Heinz" or the "Company"); Bernardo Hees, Paulo Basilio, David Knopf, Alexandre Behring, George Zoghbi, and Rafael Oliveira (collectively, the "Individual Defendants" and, together with Kraft Heinz, the "Kraft Heinz Defendants"); and 3G Capital Partners and its affiliates, including the following affiliated funds and business entities: 3G Capital, Inc. (a Delaware corporation) and the Cayman Islands entities 3G Global Food Holdings, L.P.; 3G Global Food Holdings GP LP; 3G Capital Partners LP; 3G Capital Partners II LP; and 3G Capital Partners Ltd (collectively, "3G Capital" and, together with the Kraft Heinz Defendants, "Defendants") have entered into a Stipulation and Agreement of Settlement dated May 2, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated May 11, 2023 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on September 12, 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 5, 2023; and (b) the Postcard Notice, Notice, and Summary Notice, all of which were filed with the Court on August 8, 2023.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired Kraft Heinz common stock or call options on Kraft Heinz common stock, or sold put options on Kraft Heinz common stock, during the period from November 6, 2015 through August 7, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants; (ii) any directors and Officers of Kraft Heinz or 3G Capital during the Class Period and members of their immediate families; (iii) the subsidiaries, parents, and affiliates of Kraft Heinz and 3G Capital; (iv) any firm, trust, corporation, or other entity in which Kraft Heinz or 3G Capital has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the

Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class. The Court finds that Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination and posting of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

4

Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7. **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. **Objections** – There are no objections to the Settlement.

9. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

12. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees. This release shall not apply to any person or entity listed on Exhibit 1.

(b) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and

agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claims against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity listed on Exhibit 1.

13. Notwithstanding paragraphs 12(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. **Bar Order** – Upon the Effective Date of the Settlement, any and all claims for contribution, however denominated, based upon or arising out of the Released Plaintiffs' Claims (a) by any person or entity against any of the Defendants' Releasees; or (b) by any of the Defendants' Releasees against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) or any other law (the "Bar Order").

15. **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

16. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

7

Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or

wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

19. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments

9

or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 14, 2023, as provided in the Stipulation.

22. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 12th day of September, 2023.

_____
The Honorable Jorge L. Alonso
United States District Judge

**Exhibit 1**

List of Persons and Entities Excluded from
the Settlement Class Pursuant to Request

| Number | Full Name | City and State |
|---|---|---|
| 1 | Tariq Assi | Basingstoke, Hampshire, UK |
| 2 | Patricia Bednar | Mercer, WI |
| 3 | Karen J. Cantine | Glasgow, KY |
| 4 | Margaret A. Carmony | Westfield, IN |
| 5 | Emeline Dale Chambers | Wisconsin Rapids, WI |
| 6 | Pei-Chen Chen | New Taipei City, Taiwan |
| 7 | Barbara J. Dash | Highlands Ranch, CO |
| 8 | Edward F. Dash | Highlands Ranch, CO |
| 9 | Bradley Wayne Dettinger | Greenwood, IN |
| 10 | Eoin Patrick Donohue | Epsom, Surrey, UK |
| 11 | Steven Feinstein | South Windsor, CT |
| 12 | Harry L. Fowler | Fairview, TX |
| 13 | Masafumi Fujimoto | Himeji City, Hyogo, Japan |
| 14 | Estate of Stephen DeP. Gilbert | Merrimac, MA |
| 15 | Lee Mui Heok | Toa Payoh, Singapore |
| 16 | Louisa Kimmel | Winnipeg, Manitoba, Canada |
| 17 | Lois A. Koehler | Faribault, MN |
| 18 | Brent Liston | Prince George, British Columbia |
| 19 | Joshua Mayer | Colorado Springs, CO |
| 20 | Steven C. Nance and Jane A. Nance | Not provided |
| 21 | Shirley J. Nehlen | Hartville, OH |
| 22 | Helen Louise Noyes | Gainesville, VA |
| 23 | Jane W. Pegel TOD U/A DTD 9/1/15 | Williams Bay, WI |
| 24 | Randy Poole | Edmonton, Alberta, Canada |
| 25 | Hannah Roberts | Leakesville, MS |
| 26 | James E. Rutledge and Judie Rutledge | Houma, LA |
| 27 | James R. Sapp, Sr. | Port Deposit, MD |
| 28 | Margaret Schill | Liverpool, NY |
| 29 | Julia Schoen | Winnipeg, Manitoba, Canada |
| 30 | Estate of Adolph R. Simone | Little Elm, TX |
| 31 | Linda S. Smith | Torrance, CA |
| 32 | Stephany K. Summer | Vero Beach, FL |
| 33 | Lorri Ungaretti, Trustee of the Lorri Ungaretti Trust dated 09/22/14 | San Francisco, CA |
| 34 | Richard G. Vaughn | McLeansville, NC |
| 35 | Richard A. Waite | San Jose, CA |
| 36 | Laura Lorenzo Wojcik | Black Mountain, NC |
| 37 | Daniel Yang and Hae Min Yang | Tallahassee, FL |